**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**JUL 8 2003**

**PATRICK FISHER**
**Clerk**

SANDRA FOLSE WATSON;
WILLIAM L. BUSHUE; CARLA
BALZER; CHRISTY KNIGHT;
RONALD BEACHMAN; DORA
HUFF BEACHMAN,

         Plaintiffs-Appellants

and

STEVEN PERRY; CHRISTINE
PERRY,

         Plaintiffs,

v.

UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY/KANSAS
CITY, KANSAS; CAROL
MARINOVICH; DENNIS HAYS;
HAROLD T. WALKER; LT. PAT
OHLER; RAY BOND; GREGORY A.
TALKIN; EDWIN A. RUST;
MAURICE RYAN; DEBBIE WARD;
WAYNE G. BRADLEY; LUPE
GONZALAS; JOHN LACY; DEBBIE
GRABER; JAMES MCDANIEL; and
STEVE WILLIAMS, individually and
in their official capacity as employees
of the Unified Government of
Wyandotte County/Kansas City,
Kansas, and any other unknown
individuals discovered to have caused,
conspired to, or participated in these
causes of action,

No. 02-3180
(D.C. No. 99-CV-2106-CM)
(D. Kan.)

Defendants-Appellees.

---

**ORDER AND JUDGMENT** [*]

---

Before **HARTZ** , **O'BRIEN** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I. BACKGROUND

This case was removed from state court to the United States District Court for the District of Kansas. Plaintiff Sandra Folse Watson owns certain commercial and residential properties located in Kansas City, Kansas. The remaining plaintiffs are or were Watson's tenants. Plaintiffs asserted claims against defendants under 42 U.S.C. § 1983 and state law, alleging that they violated plaintiffs' Fourth Amendment rights and abused legal process when they searched the subject properties in July and October 1997. Following the district court's entry of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

judgments as a matter of law under Fed. R. Civ. P. 50(a) in favor of certain of the defendants and a jury trial on plaintiffs' remaining claims, the case was resolved in favor of defendants on all of plaintiffs' claims, and a final judgment dismissing the case was entered by the district court in December 2001.

Plaintiffs have raised the following issues in this appeal: (1) whether the district court erred in entering judgment as a matter of law under Rule 50(a) in favor of defendants Unified Government of Wyandotte County/Kansas City, Kansas (the City) and Carol Marinovich and against plaintiffs Watson and William L. Bushue on claim preclusion grounds, and whether the district court erred in denying plaintiffs' motion to alter or amend the claim preclusion judgment;[1] (2) whether the district court erred in granting judgment as a matter of law under Rule 50(a) in favor of the City on the Fourth Amendment claims of the remaining plaintiffs, and whether the district court erred in denying plaintiffs' motion to alter or amend the judgment entered in favor of the City; (3) whether certain of the district court's evidentiary rulings were erroneous; and (4) whether the district court erred in denying plaintiffs' motion for a new trial.

---

[1] Defendants argue that Watson and Bushue have waived the claim preclusion issue because they made no substantive arguments regarding the issue in their opening brief. Given Watson's and Bushue's pro se status and the fact that they asserted that the district court's claim preclusion ruling was incorrect in their opening brief and then supported the assertion with specific arguments in their reply brief, Aplt. Opening Br. at 10 and Reply Br. at 11-13, we will address the merits of the claim preclusion issue.

## II. DISCUSSION

1. *Claim Preclusion Ruling*.

Plaintiffs Watson and Bushue filed a prior case against Marinovich and the City, and the prior case, Case No. 98CV2380, was also removed from state court to the District of Kansas.[2] The district court determined that Watson and Bushue had asserted and settled Fourth Amendment claims based on the searches in July and October 1997, in Case No. 98CV2380. R., Case No. 99CV2106, Vol. VII, Doc. 187 at 9-10, 16-20, 25-27 and Vol. VIII, Doc. 216 at 9-10. As a result, the district court concluded that the doctrine of res judicata barred Watson and Bushue from asserting the claims against the City and Marinovich in this case. *Id.*

The preclusive effect of a prior judgment of a federal court is determined by applying federal law. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999). Under federal law, claim preclusion[3] requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits. *Id.* With respect to the third requirement, we have adopted the transactional approach of the Restatement

---

[2]     In their original petition in Case No. 98CV2380, plaintiffs did not name the City as a defendant. However, they named Marinovich as a defendant in her official capacity as Mayor, and, for purposes of § 1983, the official capacity claim was the equivalent of a municipal liability claim against the City. *See Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998).

[3]     Although the district court and the parties use the term "res judicata," this court employs the term "claim preclusion" instead. *Yapp*, 186 F. 3d at 1226 n.1.

(Second) of Judgments (1982). *Id.* at 1227. "The transactional approach provides that a claim arising out of the same 'transaction, or series of connected transactions' as a previous suit, which concluded in a valid and final judgment, will be precluded." *Id.* (quoting Restatement § 24).

Because it is a purely legal issue, we review the district court's claim preclusion ruling de novo. [4] *See Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 503 (10th Cir. 2002). Having carefully reviewed the record in Case No. 98CV2380 and the pertinent legal authorities, we affirm the district court's ruling.

We first conclude that Watson and Bushue pled Fourth Amendment claims based on the searches in 1997 in their original petition in Case No. 98CV2380. Petition at ¶¶ 20-30 (attached to Doc. 1 in Case No. 98CV2380). In fact, they specifically alleged that they had sustained damages in excess of $50,000 as a result of the searches. *Id.* at ¶ 23. Thus, we reject Watson and Bushue's claim

---

[4] Because Watson and Bushue filed their motion to alter or amend the claim preclusion judgment within ten days of the entry of the final judgment in this case (excluding intermediate Saturdays and Sundays in accordance with Rule 6(a)), the district court erred in analyzing the motion under Rule 60(b) instead of Rule 59(e). Nonetheless, because the filing of a timely Rule 59(e) motion permits us to review the merits of the underlying judgment, *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995), and because Watson and Bushue's motion was limited to legal arguments regarding claim preclusion, we need only conduct a de novo review of the underlying judgment, and we do not need to separately address the district court's denial of the motion to alter or amend.

-5-

that the 1997 searches were either never a part of the case or were only pled to establish a course of conduct. [5]

In their original petition in Case No. 98CV2380, Watson and Bushue also asserted claims against the City and Marinovich based on a "drug march" that occurred in July 1996. *Id.* at ¶¶ 7-19. Applying the transactional approach, we conclude that the drug march in 1996 and the searches in 1997 were not part of the same transaction for claim preclusion purposes. Consequently, if the claims based on the 1997 searches were at some point excised from Case No. 98CV2380 and were therefore not subject to the final judgment that was entered in the case, then the district court's claim preclusion ruling is erroneous.

A little over four months after Case No. 98CV2380 was removed to federal court, the defendants in the case, in response to an offer from Watson and Bushue to settle the case in exchange for a payment of $198,000, made a counteroffer to settle the case for $2,500. R., Case No. 98CV2380, Vol. II, Doc. 54, Exs. 1, 2. At

---

[5] We also reject Watson and Bushue's assertion that the final judgment entered in Case No. 98CV2380 cannot form the basis for claim preclusion because, under the *Rooker-Feldman* doctrine, the district court lacked subject matter jurisdiction over the case. Except in special circumstances that do not exist here, "federal-court judgments are res judicata notwithstanding a lack of subject-matter jurisdiction." Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4428 at 7 (2002); *see also Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 219-20 (3d Cir. 1999); *Nemaizer v. Baker*, 793 F.2d 58, 64-66 (2d Cir. 1986); *Lambert v. Conrad*, 536 F.2d 1183, 1185 (7th Cir. 1976).

-6-

the time defendants made their counteroffer, the original petition filed by Watson and Bushue in Case No. 98CV2380 was the controlling pleading in the case. Because the record does not contain any evidence to the contrary, we therefore assume that defendants' counteroffer was intended to settle all of the claims in the original petition.

The record in Case No. 98CV2380 shows that Watson and Bushue accepted defendants' settlement offer on March 12, 1999. *Id.*, Ex. 3. At that time, the original petition filed by Watson and Bushue was still the controlling pleading in the case, and, in the acceptance letter he sent to defendants' counsel, counsel for Watson and Bushue gave no indication that the acceptance did not cover all of the claims in the original petition. *Id.* By this time, however, defendants had decided to withdraw their settlement offer. On March 19, 1999, Watson and Bushue filed a motion to enforce the settlement agreement and dismiss the petition in Case No. 98CV2380 with prejudice. *Id.*, Doc. 54 at 1-2. In their motion, Watson and Bushue once again gave no indication that their acceptance of defendants' settlement offer did not cover all of the claims in the original petition. *Id.* In June 1999, the district court granted Watson's and Bushue's motion to enforce the settlement agreement, and dismissed Case No. 98CV2380 with prejudice. *Id.*, Vol. III, Doc. 88 at 1, 8. In that order, the district court did not state precisely what petition or claims were being dismissed. *Id*. We conclude, however, that the order

must be interpreted as enforcing the settlement offer made by defendants and accepted by Watson and Bushue on March 12, 1999. As already noted, that settlement pertained to the then-existing petition, which included the claims based on the 1997 searches.

To be sure, subsequent events make it unclear whether Watson and Bushue intended to settle the claims based on the 1997 searches. On March 29, 1999, while their motion to enforce the settlement was still pending, Watson and Bushue filed an amended petition in Case No. 98CV2380 in which they dropped the claims based on the 1997 searches. *Id.*, Vol. II, Doc. 59. In addition, on April 16, 1999, the district court entered a pretrial order in Case No. 98CV2380, and the statement of plaintiffs' legal theories in the pretrial order did not include the claims based on the 1997 searches. [6] *Id.*, Doc. 75 at 2-4. Thus, in June 1999, when the district

---

[6] After Watson and Bushue filed their amended petition in Case No. 98CV2380, the defendants in the case represented to the district court that the claims based on the 1997 searches were no longer a part of the case and that, as a result, any final disposition in Case No. 98CV2380 would have no res judicata effect in this case. R., Case No. 98CV2380, Vol. II, Doc. 75 at 7 and Vol. III, Doc. 82 at 1-2 and Doc. 86 at 3, 4. Although troubling, we do not view defendants' statements as being dispositive of the issues now before this court. At the time the statements were made, the question of whether the district court would enforce the settlement agreement in Case No. 98CV2380 was still undecided. Defendants' statements thus can be taken as referring to the case as it was then being litigated, pursuant to the amended complaint, which did not include claims based on the 1997 searches.

court entered its order enforcing the settlement and dismissing the case, the case no longer included the 1997 search claims.

To add to the confusion, after Watson and Bushue accepted defendants' settlement offer and before defendants attempted to withdraw the offer, counsel for defendants sent a proposed release to counsel for Watson and Bushue, which would have released all claims relating to the 1997 searches. *Id.*, Doc. 58, Ex. C. In response, counsel for Watson and Bushue sent a letter to counsel for defendants stating that the terms of the proposed release were unacceptable, and counsel tendered a proposed counter release that would have only released claims relating to the 1996 drug march. *Id.*, Ex. D. Unfortunately, Watson and Bushue moved to enforce the settlement agreement without resolving the question regarding the proper scope of the release, and Case No. 98CV2380 was subsequently dismissed with prejudice without a release ever being executed by the parties.

We resolve these uncertainties in favor of preclusion. Whatever doubt there may be about Watson and Bushue's understandings or intentions, there can be little question that the defendants' settlement offer, when made, encompassed the 1997 search claims. Because Watson and Bushue or, more precisely, their counsel, insisted on enforcing that settlement offer despite defendants' attempted withdrawal, without clarifying the precise scope of the settlement agreement, they bear responsibility for the ensuing confusion. It would be unfair to enforce an

agreement on the defendants lacking elements that were part of the deal they proposed.

This result is supported by our decision in *Yapp*. In *Yapp*, an employee filed suit against his former employer in the United States District Court for the District of Colorado seeking to recover overtime compensation under the Federal Labor Standards Act (the Overtime Action). *Yapp*, 186 F.3d at 1225. Two weeks later, the employee filed a separate action against his employer in state court asserting claims for wrongful discharge (the Wrongful Discharge Action). *Id.* Subsequently, the employer removed the Wrongful Discharge Action to the District of Colorado, and the employer then filed a motion to consolidate the two cases in that court, which motion the employee successfully opposed. *Id.* After the district court denied the employer's motion to consolidate, the parties settled the Overtime Action, and the Overtime Action was eventually dismissed with prejudice pursuant to a stipulation entered into by the parties. *Id.*

After the Overtime Action was dismissed, the employer filed a motion in the Wrongful Discharge Action to supplement its pending motion for summary judgment to include the affirmative defense of claim preclusion based on the dismissal of the Overtime Action. *Id.* at 1225-26. The district court granted the employer's motion and eventually entered summary judgment in favor of the employer on the basis of claim preclusion. *Id.*

-10-

On appeal, we affirmed the district court's claim preclusion ruling on the grounds that: (1) the claims in the Overtime Action and the Wrongful Discharge Action arose out of the parties' employment relationship, and an employment relationship is a single transaction for purposes of claim preclusion, *id.* at 1227-28; and (2) while the district court had permitted the two cases to proceed separately by virtue of its order denying the employer's motion to consolidate, the employee could not rely on that fact to defeat the employer's claim preclusion defense because the employee's counsel had fully realized and even acknowledged the risk of claim preclusion prior to settling the Overtime Action, [7] and yet counsel nonetheless proceeded to settle the Overtime Action without securing an agreement with the employer or an order from the district court preserving the employee's right to pursue the Wrongful Discharge Action, *id.* at 1229-30. Thus, while we acknowledged that the employer had "played hardball litigation," *id.* at 1231, we also concluded that the employee, as a result of the shortcomings of his counsel's performance, was not "deserving of the court's gentle hand of equity to save him from his own settlement," *id.* at 1230.

---

[7]  Specifically, counsel sent a proposed release and letter to the employer's counsel, both of which stated that the claims in the Wrongful Discharge Action were not being released or dismissed as part of the settlement in the Overtime Action, but the employer never executed the proposed release and its counsel never responded to the letter. *Yapp*, 186 F.3d at 1226 nn.2 & 3.

-11-

The teaching of *Yapp* is that "counsel ha[s] a duty to be vigilant to the strategic nuances of litigation, which includes the ubiquitous multiple-litigation pitfall of claim preclusion." *Id.* While the situation in *Yapp* differed from the situation in this case in that the claims in the two cases were linked by a common transaction, we believe the grounds for affirming the district court's claim preclusion ruling are equally strong in this case. Most importantly, Watson and Bushue pled Fourth Amendment claims based on the 1997 searches in their original petition in Case No. 98CV2380, and the original petition was the controlling pleading at the time they accepted and sought to enforce defendants' settlement offer. Moreover, counsel for Watson and Bushue realized that the settlement in Case No. 98CV2380 could have claim preclusion consequences in this case as evidenced by the terms of the proposed counter release he tendered to defendants' counsel. And yet, after defendants refused to sign the proposed counter release, counsel for Watson and Bushue did nothing in Case No. 98CV2380 to prevent the operation of claim preclusion in this case. Thus, in accordance with *Yapp*, we affirm the district court's claim preclusion ruling.

2. *Municipal Liability Ruling*.

At the close of plaintiffs' case during the trial, the district court made an oral ruling from the bench granting the City's motion for judgment as a matter of law under Rule 50(a), concluding that plaintiffs presented insufficient evidence to

-12-

support municipal liability claims under § 1983. Plaintiffs claim the district court erred in entering judgment as a matter of law in favor of the City, and they also challenge the district court's post-trial order denying their motion to alter or amend the judgment entered in favor of the City. However, plaintiffs have failed to provide this court with the portions of the trial transcript containing the district court's oral ruling on the Rule 50(a) motion. Instead, the record only contains portions of the trial testimony of two witnesses, R., Case No. 99CV2106, Docs. 223, 227, and the latter transcripts are insufficient for purposes of reviewing the propriety of the district court's ruling on the municipal liability issue.

Regardless of their pro se status, plaintiffs had an affirmative duty under the Federal Rules of Appellate Procedure, *see* Fed. R. App. P. 10(b)(2), and the rules of this court, *see* 10th Cir. R. 10.1(A)(1)(a), 10.3(D)(1), and 28.2(A)(1), (2), to provide a transcript of the district court's oral ruling on the Rule 50(a) motion and any other parts of the trial transcript that are necessary to review the court's ruling and the related sufficiency of the evidence issues. *See King v. Unocal Corp.*, 58 F.3d 586, 587 (10th Cir. 1995); *McGinnis v. Gustafson*, 978 F.2d 1199, 1201 (10th Cir. 1992); *see also Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (holding that "an appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements" of the Federal Rules of Appellate Procedure). Because plaintiffs have failed to provide this court with the

-13-

necessary portions of the trial transcript, we affirm the entry of judgment in favor of the City.

3. *Evidentiary Rulings*.

Plaintiffs are challenging the following evidentiary rulings of the district court: (1) the exclusion of evidence pertaining to the state-court rulings regarding the legality of the warrant issued in connection with the search in July 1997; (2) the admission of videotapes that were taken during the subject searches; (3) the exclusion of the "Lopez testimony"; and (4) the exclusion of evidence pertaining to the settlement in Case No. 98CV2380. [8]

The district court issued oral rulings from the bench regarding the first three matters, and plaintiffs have failed to provide this court with the portions of the trial transcript containing the district court's rulings. [9] "The failure to file a transcript . . . precludes review of the trial court's evidentiary rulings." *United States v. Vasquez*, 985 F.2d 491, 495 (10th Cir. 1993). The record does contain a

---

[8]  In their reply brief, plaintiffs also argue that the district court erred in excluding the "Jeskinia testimony." Plaintiffs waived this issue by failing to raise it in their opening brief. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

[9]  The parties filed motions in limine regarding the first two matters, R., Case No. 99CV3106, Vol. VI, Docs. 154, 161, and the district court conducted a hearing regarding the motions on November 9, 2001. While the record contains a transcript of the November 9, 2001 hearing, the transcript shows that the court took the first two matters under advisement at that time, *id.*, Vol. VIII, Doc. 206, at 47-48, 53-58, and plaintiffs have not submitted a transcript of the court's subsequent rulings on the first two matters.

transcript of the district court's ruling on the fourth matter. R., Case No. 99CV3106, Vol. VIII, Doc. 206 at 34-36. Having reviewed the transcript and the related motion in limine filed by defendants, *id.*, Vol. V, Doc. 147 at 9, we hold that the district court did not abuse its discretion in excluding evidence pertaining to the settlement in Case No. 98CV2380.

4. *Motion for New Trial*.

Plaintiffs have offered no substantive arguments on appeal regarding the issues raised in their motion for a new trial. Plaintiffs have therefore waived the issues. *See Femedeer v. Haun*, 227 F.3d 1244, 1255 (10th Cir. 2000).

The judgment of the district court is AFFIRMED.

Entered for the Court

Michael W. McConnell
Circuit Judge