**Sharon P. HEARD, Plaintiff,**

*v.*

**THE BOARD OF PUBLIC UTILITIES FOR THE CITY OF KANSAS CITY, KANSAS, et al., Defendants.**

**No. CIV.A.03–2352–CM.**

United States District Court,
D. Kansas.

Jan. 22, 2004.

Kevin A. Graham, Flook & Graham, P.C., Liberty, MO, for Plaintiff.

Elizabeth C. Lawrence, Kevin D. Mason, Robert J. McCully, Shook, Hardy & Bacon L.L.P., Kansas City, MO, for Defendants.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

Plaintiff Sharon Heard filed the instant action alleging race discrimination and retaliation in violation of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and the Kansas Act Against Discrimination (KAAD), Kan. Stat. Ann. § 44–1001 *et seq.* Plaintiff also asserts a civil rights claim pursuant to 42 U.S.C. § 1983. This matter is before the court on defendants' Motion to Dismiss (Doc. 5).

### I. Background

The instant lawsuit is the latest of four lawsuits filed by this plaintiff against these defendants. The court sets forth the procedural history leading up to this cause of action.

On January 16, 2001, plaintiff filed with the Equal Employment Opportunity Commission (EEOC) her first charge of discrimination against defendants. This first EEOC charge alleged race discrimination and retaliation. The EEOC issued its right to sue letter on September 12, 2001, which plaintiff received on September 15, 2001. Plaintiff filed her first complaint in United States District Court on December 13, 2001 (the First Lawsuit), alleging race discrimination, retaliation, and civil rights violations. Pursuant to a stipulation by the parties, the First Lawsuit was dismissed without prejudice on March 10, 2003, subject to a tolling agreement allowing refiling within a certain period of time.

On May 22, 2002, plaintiff filed her second charge of discrimination against defen-

dants. The EEOC issued its right to sue letter on May 24, 2002 for this second charge.

On August 22, 2002, plaintiff, appearing pro se, filed her second complaint in United States District Court (the Second Lawsuit), alleging retaliation and discrimination based on race, sex, national origin, and age. On August 5, 2003, the court granted defendants' motion to dismiss the Second Lawsuit, the grounds upon which are set forth in more detail below.

Plaintiff filed her third lawsuit on March 3, 2003 (the Third Lawsuit). The Third Lawsuit was brought by some 35 individual plaintiffs, including Sharon Heard, alleging employment discrimination by defendants from 1977 to June 2002. The plaintiffs voluntarily dismissed without prejudice the Third Lawsuit.

On July 8, 2003, plaintiff filed the instant lawsuit (the Fourth Lawsuit), alleging that the complaint is a refiling of the First Lawsuit. Defendants argue that the court's dismissal of the Second Lawsuit bars the maintenance of any and all claims raised by plaintiff in the Fourth Lawsuit.

## II. Standards

■■■ The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir.1998), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher*, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff, *Witt v. Roadway Express*, 136 F.3d 1424, 1428 (10th Cir.1998). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).

## III. Discussion

■■■ Defendants contend that the doctrine of claim preclusion bars the instant action. The doctrine of claim preclusion prevents a party from relitigating issues that were or could have been raised in a prior action. *See Wilkes v. Wyoming Dept. of Employment*, 314 F.3d 501, 503–04 (10th Cir.2002). The three requirements for application of claim preclusion are: (1) identity or privity of the parties; (2) identity of the cause of action; and (3) a final judgment on the merits. *Id.* Where these three requirements are met, claim preclusion applies to bar the maintenance of a subsequent suit. *Id.*

### A. Identity of Parties

For the purposes of this motion, plaintiff admits that the identity of the parties is identical and that this element has been met.

### B. Identity of the Cause of Action

■■■ The court next turns to whether the two causes of action are identical. The Tenth Circuit has utilized the transactional approach to review this element, defining the approach as follows:

> [A] final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, out of which the action arose. What constitutes a "transaction" or a "series" is to

be determined pragmatically considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenience trial unit.

*King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir.1997).

The court first considers the claims asserted in the Second Lawsuit, wherein plaintiff alleged retaliation and discrimination based on race, sex, national origin, and age. Plaintiff asserted that the alleged discriminatory conduct occurred on or about "May 2001." (Complaint: Second Lawsuit, ¶ 12). Pursuant to defendants' motion to dismiss, Judge VanBebber dismissed the case, holding that plaintiff had not exhausted her administrative remedies due to her failure to file a charge of discrimination within 300 days of the alleged discriminatory acts. Specifically, Judge VanBebber stated:

Here, Plaintiff filed her charge of discrimination with the EEOC on May 22, 2002. Therefore, Plaintiff must allege in her complaint that Defendant committed unlawful employment practices in the 300–day window between July 26, 2001 and May 22, 2002. Because Plaintiff alleges only that Defendants' discriminatory conduct against her occurred in May 2001, Defendants have carried their burden of showing that Plaintiff failed to timely comply with administrative filing requirements.

(August 5, 2003 Memorandum and Opinion, pg. 2).

Defendants state in the instant motion to dismiss that, "[I]n the previously disposed Second Lawsuit, Heard alleged employment discrimination from 1990 to no later than May 2002, the date she filed the Charge of Discrimination underlying the Second Lawsuit." (Defendant's Motion to Dismiss, pg. 4). In support, defendants cite plaintiff's complaint and her charge of discrimination. Defendants contend that, "In effect, Heard's Second Lawsuit litigat-ed all claims of race discrimination arising out of allegations of discriminatory conduct from 1990 to May 2002, a period which includes and subsumes the allegations of discrimination alleged in this suit." (*Id.*). However, the complaint itself clearly limits the alleged discriminatory conduct to on or about "May 2001," while the charge of discrimination alleges discrimination continuing to the date plaintiff filed the charge of discrimination. Consistent with Judge VanBebber's opinion, this court considers only those allegations pled in plaintiff's complaint, in which plaintiff claims discriminatory conduct on or about "May 2001."

Next, the court considers plaintiff's claims in the instant lawsuit. Defendant states that "in this suit Heard alleges race discrimination from November 1997, when a new individual became her supervisor, until March 2001 when the BPU addressed her internal complaint." (Defendant's Motion to Dismiss, pg. 4). The court has reviewed the complaint in the instant case, and nowhere could the court find language alleging discrimination "until March 2001." Rather, plaintiff asserts that the alleged discrimination began shortly after November 3, 1997, when a new individual became her supervisor. (Complaint: Fourth Lawsuit, ¶¶ 17–19). Later in the complaint, plaintiff alleges that, on or about March 30, 2001, defendants issued their findings on plaintiff's internal complaint and found that plaintiff had been the subject of unlawful discrimination. (*Id.* ¶ 27). Plaintiff does not allege that the discriminatory conducted ended at this point in time and, in fact, the complaint never specifies when the alleged discriminatory conducted ended.

Comparing the claims in the two lawsuits, specifically with respect to whether the claims are related in time, the court concludes that the claims are not identical.

In the Second Lawsuit, plaintiff claimed that the alleged discriminatory conduct occurred on or about May 2001. In the instant case, plaintiff alleges discriminatory conduct occurring from November 3, 1997, with no ending date certain. As such, the period of alleged discriminatory conduct in the Second Lawsuit does not necessarily subsume the allegations of discrimination alleged in this suit.

■ The court therefore concludes that the doctrine of claim preclusion does not bar plaintiff's claims in the instant lawsuit. Having said that, the court reminds plaintiff of the Supreme Court's holding in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). In *Morgan*, the Court held that "discrete discriminatory acts [such as termination, failure to promote, denial of transfer, or refusal to hire] are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113, 122 S.Ct. 2061. Thus, to the extent that plaintiff alleges discrete retaliatory or discriminatory acts, any acts occurring prior to the 300-day filing period are barred under Title VII. Discrete discriminatory acts "occur" on the day they "happen." *Id.* at 110, 122 S.Ct. 2061.

Accordingly, the court denies defendants' motion to dismiss on the basis of claim preclusion. Plaintiff may proceed with her Title VII claims to the extent any alleged discrete retaliatory or discriminatory events took place within 300 days of the filing of her charge of discrimination.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 5) is denied.