**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LORNA WILKES,

     Plaintiff - Appellant,

v.

WYOMING DEPARTMENT OF
EMPLOYMENT DIVISION OF LABOR
STANDARDS,

     Defendant - Appellee.

---

UNITED STATES OF AMERICA,

     Intervenor.

No. 02-8003

---

ORDER

Filed January 14, 2003

---

Before **BRISCOE**, **HOLLOWAY**, and **HARTZ**, Circuit Judges.

---

Appellee's motion to alter or amend the opinion filed December 23, 2002, is

granted.  Paragraphs 1 and 2, under section I, have been amended.

Entered for the Court
PATRICK FISHER, Clerk of Court

by:   /s/ Steve Larson
      Deputy Clerk

F I L E D
United States Court of Appeals
Tenth Circuit

DEC 23 2002

PATRICK FISHER
Clerk

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LORNA WILKES,

     Plaintiff-Appellant,

v.

WYOMING DEPARTMENT OF
EMPLOYMENT DIVISION OF LABOR
STANDARDS,

     Defendant-Appellee.

_____

UNITED STATES OF AMERICA,

     Intervenor.

No. 02-8003

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D.C. No. 01-CV-1020-D)**

John I. Henley, Vlastos, Henley & Drell, P.C., Casper, Wyoming, for the plaintiff-appellant.

Jay A. Jerde, Senior Assistant Attorney General (Hoke Macmillan, Attorney General, and John W. Renneisen, Deputy Attorney General, with him on the brief), Cheyenne, Wyoming, for the defendant-appellee.

Sarah E. Harrington and Ralph F. Boyd, Jr., U.S. Department of Justice, Washington, D.C., for the intervenor.

Before **BRISCOE**, **HOLLOWAY**, and **HARTZ**, Circuit Judges.

_____

**BRISCOE**, Circuit Judge.

_____

Lorna Wilkes appeals the district court's grant of summary judgment in favor of the Wyoming Department of Employment (Wyoming DOE). The district court concluded Wilkes' suit against the Wyoming DOE alleging violations of Title VII, 42 U.S.C. § 2000e-2, and the Wyoming Fair Employment Practice Act, Wyo. Stat. Ann. § 27-9-105, was barred by claim preclusion. We affirm.

I.

Wilkes worked as a compliance officer for the Wyoming DOE, Fair Labor Standards Division, from 1990 until March 2000 when she was allegedly constructively discharged. Wilkes applied for a position as lead compliance officer in 1999, but the position was awarded to an employee who had worked as a compliance officer for less than six months, i.e., a probationary employee. According to Wilkes, the employee was awarded the position because she was romantically involved with Wilkes' immediate supervisor, who was on the interview committee and was involved in the hiring decision. Wilkes alleges that when she complained to Charles Rando, acting director of the labor division, he confronted Wilkes' supervisor. Wilkes' supervisor retaliated by following her from job site to job site, making derisive and untrue remarks about and to Wilkes, and inaccurately completing her performance appraisal and placing her on a "work-plan."

-2-

Wilkes quit her job with the Wyoming DOE in March 2000.

On March 21, 2000, Wilkes timely filed a charge with the EEOC against the Wyoming DOE for retaliating against her in violation of Title VII. On April 10, 2000, Wilkes filed a complaint in federal court against the Wyoming DOE and Rando in his individual capacity. She alleged that the Wyoming DOE paid her less than her male coworkers for the same position, skill, effort, and responsibility, in violation of the Equal Pay Act of the Fair Labor Standards Act, 29 U.S.C. § 206(d). Her claim against Rando was filed pursuant to 42 U.S.C. § 1983 and arose out of the hiring of the probationary employee instead of Wilkes for the position of lead compliance officer. Wilkes further alleged retaliation in violation of her free speech rights and deprivation of her property and liberty interests without due process of law.

On October 12, 2000, the defendants made an offer of judgment pursuant to Federal Rule of Civil Procedure 68. Wilkes accepted the Rule 68 offer on October 16, 2002, and judgment was entered against defendants on October 31, 2000. A satisfaction of judgment was filed by Wilkes on November 9, 2000.

The EEOC issued Wilkes a right-to-sue letter on February 8, 2001. In April 2001, she filed the present action against the Wyoming DOE, alleging violations of Title VII and the Wyoming Fair Employment Practice Act. In June 2001, the Wyoming DOE moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing Wilkes' second action was barred by claim preclusion. Because the district court

considered matters outside of the pleadings, it converted the motion to one for summary judgment and granted summary judgment in favor of Wyoming DOE on the basis of claim preclusion.

II.

Wilkes contends the district court erred in granting summary judgment in favor of the Wyoming DOE on the basis of claim preclusion. Specifically, she argues that since she had not yet received a right-to-sue letter from the EEOC, she was statutorily prohibited from raising her Title VII claims in her first lawsuit and, therefore, should not be barred from raising those claims in a subsequent lawsuit.

"In reviewing a grant or denial of summary judgment, we apply the same standard applied by the district court under Federal Rule of Civil Procedure 56(c)." King v. Union Oil Co., 117 F.3d 443, 444–45 (10th Cir. 1997). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Whether the doctrine of res judicata applies to the case before us is a question of law which we review under the de novo standard." Satsky v. Paramount Comm., Inc., 7 F.3d 1464, 1467-68 (10th Cir. 1993) (internal citations omitted); see King, 117 F.3d at 445 (stating "[w]here the facts are not in dispute, this court must determine de novo whether the substantive law of res judicata was correctly applied" (internal quotation omitted)).

"Under res judicata, or claim preclusion, a final judgment on the merits of an

action precludes the parties or their privies from relitigating issues that were or *could have been raised* in the prior action."[1] Satsky, 7 F.3d at 1467 (internal quotations omitted; emphasis added). "To apply the doctrine of res judicata, three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." King, 117 F.3d at 445.

Here, neither party contests the district court's conclusion that the Rule 68 judgment entered in Wilkes' first lawsuit was a final judgment. Moreover, there is an identity of parties--Wilkes and the Wyoming DOE were parties in both suits. Under such circumstances, claim preclusion bars Wilkes' instant suit if it is based on the same cause of action as her first suit.

In Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1335 (10th Cir. 1988), this court adopted the transactional approach of Restatement (Second) of Judgments to determine what constitutes a "cause of action" for claim preclusion purposes. The transactional approach provides that a final judgment extinguishes:

> all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. . . . What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether

---

[1] For purposes of clarity this court employs the terms "claim preclusion" instead of "res judicata." See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 76 n.1 (1984); Yapp v. Excel Corp., 186 F.3d 1222, 1226 n.1 (10th Cir. 1999).

the facts are related in time, space, origin, or motivation, [and] whether they form a convenient trial unit.

Id. at 1335 (quoting Restatement (Second) of Judgments § 24); see also King, 117 F.3d at 445. "Under [the transactional] approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation." Nwosun v. General Mills Rest., Inc., 124 F.3d 1255, 1257 (10th Cir. 1997).

This court repeatedly has held that "all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes." Mitchell v. City of Moore, 218 F.3d 1190, 1202 (10th Cir. 2000). See Clark v. Haas Group, Inc., 953 F.2d 1235, 1239 (10th Cir. 1992) (holding plaintiff's second suit was barred by claim preclusion because "the 'claims' in each case were predicated on [plaintiff's] employment"); Yapp, 186 F.3d at 1228 (stating "[t]he court in Clark eliminated all ambiguity in the meaning of "transaction" in this factual context: it stated that "the 'transaction' was Clark's employment" (internal quotations omitted)). In Clark and Yapp, the plaintiffs brought actions against their former employers under the Fair Labor Standards Act, 29 U.S.C. § 216(b), for unpaid overtime compensation, and later brought second actions against their former employers for wrongful discharge. On appeal, this court held that plaintiffs' second suits were precluded since they were based upon the same transactions, i.e., the employment relationships.

The relevant facts in this case are substantially similar to those in <u>Clark</u> and <u>Yapp</u>. Wilkes filed suit against her former employer for equal pay under section 206(d) of the Fair Labor Standards Act and later filed suit against her former employer for wrongful discharge, i.e., constructive discharge based on gender discrimination and retaliation. As in <u>Clark</u> and <u>Yapp</u>, Wilkes' first and second lawsuits arose from the same transaction—her employment relationship with the Wyoming DOE. "Consequently, we are not free to transactionally distinguish wrongful termination claims from those claims arising out of the employment but before and unrelated to the discharge." <u>Yapp</u>, 186 F.3d at 1228.

Wilkes' reliance on <u>Herrmann v. Cencom Cable Associates, Inc.</u>, 999 F.2d 223 (7th Cir. 1993), is misplaced. In <u>Herrmann</u>, the plaintiff filed suit against her former employer under the continuation of benefits provision of ERISA, 29 U.S.C. §§ 1161–1168, and later filed a second suit against her former employer under Title VII. On appeal, the Seventh Circuit concluded that under the transactional test, "two claims are one . . . if they are based on the same, or nearly the same, factual allegations." <u>Id.</u> at 226. In applying that standard, the <u>Herrmann</u> court held that because the plaintiff's claims were based on different factual allegations, and had little or no factual overlap, the two claims were not so related for purposes of claim preclusion as to bar the plaintiff from bringing her Title VII claim in a second suit. Although the standard set forth in <u>Herrmann</u> would require more similarity in the specific factual basis underlying each

claim before claim preclusion would apply, this court has adopted a broader definition of "transaction." This panel is bound by our prior precedent establishing that in this factual context, the transaction is considered the employment relationship. See Burlington Northern & Santa Fe Rwy. Co. v. Burton, 270 F.3d 942, 944 (10th Cir. 2001) (holding "we are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court").

Wilkes maintains that claim preclusion should not bar her second suit because she was statutorily prohibited from bringing her Title VII claim until she received her right-to-sue letter from the EEOC. A number of circuit courts have rejected this position. See, e.g., Havercombe v. Dep't of Educ., 250 F.3d 1, 8-9 (1st Cir. 2001); Churchill v. Star Enters., 183 F.3d 184, 193-94 (3d Cir. 1999); Rivers v. Barberton Bd. of Educ., 143 F.3d 1029, 1032-33 (6th Cir. 1998); Herrmann, 999 F.2d at 225–26; Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714-15 (9th Cir. 2001); Jang v. United Tech. Corp., 206 F.3d 1147, 1149 (11th Cir. 2000).

In Woods v. Dunlop Tire Corp., 972 F.2d 36 (2d Cir. 1992), the plaintiff filed charges against her former employer with the EEOC on July 31, 1985, alleging that her employment was terminated because of her race and/or sex. In December 1985, while the administrative proceedings were still pending, Woods filed suit against her former employer under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. The district court granted summary judgment in favor of Woods' former employer

on the LMRA claim. In November 1990, the EEOC issued Woods a right-to-sue letter and Woods filed a second suit, alleging violations of Title VII. On appeal, the Second Circuit held that Woods' Title VII action was barred by the doctrine of claim preclusion. The court determined that Woods could have filed her first suit and sought a stay in the district court pending the outcome of her EEOC review. Upon completion of the administrative review, she could have amended her complaint to add her Title VII claim. Alternatively, the court found that Woods could have sought a right-to-sue notice on her Title VII claim 180 days after she filed it with the EEOC. See Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 366 (1977) ("An aggrieved person unwilling to await the conclusion of extended EEOC proceedings may institute a private lawsuit 180 days after a charge has been filed."). Woods then could have amended her complaint and added her Title VII claim. The court concluded that "[u]nder the circumstances revealed, we find no reason to excuse Woods' failure to take these minimal steps necessary to preserve each claim independently, and conclude that her Title VII claim is not exempt from the bar of res judicata." Woods, 972 F.2d at 41.[2]

We are persuaded by the reasoning in Woods and other circuits that have

---

[2]In Devlin v. Transp. Communications Int'l Union, 175 F.3d 121, 128–30 (2d Cir. 1999), the court distinguished its holding in Woods based on the fact that the plaintiffs brought their second suit in Devlin only eleven months after bringing the first suit. In addition, when the plaintiffs filed their second suit, it was referred to the same federal district judge, who accepted it as related to plaintiffs' first suit. Even if we were to conclude those factual distinctions require a different result, not all of those distinctions are present here.

addressed this issue.  We hold that Wilkes' Title VII claim is barred by the doctrine of claim preclusion.  See Herrmann, 999 F.2d at 225 ("Title VII actions enjoy no immunity from res judicata.").  Wilkes filed her charge of discrimination on March 21, 2000.  The 180-day investigation period expired on September 17, 2000.  Wilkes accepted the offer of settlement on October 16, 2000.  Wilkes could have requested a right-to-sue notice after September 17, 2000, and amended her complaint to add her Title VII claim.  Alternatively, Wilkes could have filed her equal pay claim against the Wyoming DOE and then sought a stay in the district court until completion of the EEOC administrative process.  After receiving her right-to-sue letter, Wilkes could have added her Title VII claim to her initial lawsuit by amending her complaint pursuant to Federal Rule of Civil Procedure 15.

AFFIRMED.