**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 6 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

LINDA K. VILLAGRANA;
CAROLYN MALM, on behalf of
themselves and all others similarly
situated,

        Plaintiffs - Appellants,

v.

JAN GRAHAM, individually and in
her official capacity as Attorney
General of the State of Utah;
MICHAEL O. LEAVITT, individually
and in his official capacity as
Governor of the State of Utah;
EDWARD T. ALTER, individually
and in his official capacity as
Treasurer of the State of Utah; ROD
BETIT, individually and in his official
capacity as Executive Director of the
Department of Health of the State of
Utah; MICHAEL DEILY, individually
and in his official capacity as Director
of the Division of Health Care
Financing of the State of Utah,

        Defendants - Appellees.

No. 01-4023
(D.C. No. 2:00-CV-450-K)
(D. Utah)

---

ORDER AND JUDGMENT *

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order

(continued...)

Before **O'BRIEN** and **PORFILIO** , Circuit Judges, and **KANE**,[**] Senior District Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs Linda K. Villagrana and Carolyn Malm appeal the district court's dismissal of their claims against representatives of the State of Utah (the State) and its agencies. Plaintiffs claim entitlement to a portion of the proceeds owed to the State under a settlement agreement with several large tobacco companies. Because plaintiff Villagrana's claims are barred by the doctrine of res judicata, and plaintiff Malm's claims are foreclosed by our decision in *Harris v. Owens*, 264 F.3d 1282 (10th Cir. 2001), *cert. denied*, 122 S. Ct. 2294 (2002), we affirm.

In 1996, the State brought a federal action against numerous tobacco companies, seeking, inter alia, reimbursement of medical expenses incurred in

---

[*](...continued)
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

treating smoking-related illnesses through Medicaid. *See* Aplt. App. at 7-152 (Amended Complaint in *Utah v. R.J. Reynolds Tobacco Co.*, No. 96-CV-829B (D. Utah)). The State's lawsuit was part of a wave of litigation brought by the various states against tobacco companies. To settle all of the plaintiff states' claims, in 1998, the parties entered into a comprehensive agreement known as the Master Settlement Agreement (MSA). *See* Aplt. App. at 157-258. Under the agreement, the states will receive payments from the tobacco companies over several decades. *Id.* at 175-191.

In November 1999, plaintiffs Villagrana and Renee A. Masich attempted to intervene in the tobacco litigation on behalf of the class of smokers receiving Medicaid payments for smoking-related injuries. The plaintiffs argued that they should be permitted to intervene into the tobacco litigation because the class they represented was entitled to part of the MSA proceeds. The federal district court denied the motion to intervene, holding that the motion was untimely and that plaintiffs were barred from suing the State by the Eleventh Amendment. *See id.* at 259-67. The plaintiffs in that case did not appeal the court's ruling.

In the current case, plaintiffs Villagrana and Malm are smokers who received Medicaid benefits through the State for smoking-related illnesses. They brought this federal action in June 2000, purportedly on behalf of similarly-situated Medicaid benefits recipients, seeking declaratory and injunctive relief on

their claim to a part of the MSA proceeds. Plaintiffs rely on a Medicaid statute, 42 U.S.C. § 1396k(b), which entitles Medicaid recipients to amounts remaining after a state obtains a judgment from third parties reimbursing the state for medical payments made on behalf of the recipients.

The district court dismissed plaintiffs' action for failure to state a claim, holding that the MSA did not settle any individual claims and therefore plaintiffs were not entitled to any portion of the settlement proceeds. As an alternative ground, the district court held that plaintiffs' claims were precluded by res judicata, based on the district court's ruling in the tobacco litigation that the Eleventh Amendment barred plaintiffs Villagrana and Masich from intervening in the suit.[1]

We review *de novo* the district court's dismissal of plaintiffs' action as precluded by res judicata and for failure to state a claim. *See Wilkes v. Wyo. Dep't of Employment*, 314 F.3d 501, 503 (10th Cir. 2002) (res judicata); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002) (failure to state a claim). An action is precluded by the doctrine of res judicata when the following criteria are met: (1) the identical cause of action was previously litigated; (2) to a final judgment on the merits; (3) by the same parties or their

---

[1] We have since held that the Eleventh Amendment did not preclude an almost identical action because the plaintiffs sought prospective relief only. *See Harris*, 264 F.3d at 1289-94.

privies. *See Wilkes*, 314 F.3d at 504. "Under res judicata, . . . a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in the prior action." *Id.* at 503-04 (emphasis in original) (further quotations omitted).

Here, the district court held that the denial of the motion to intervene in the original tobacco litigation precluded the claims of *both* plaintiffs. Clearly the prior litigation precluded plaintiff Villagrana's claims because the denial of her motion to intervene in the tobacco litigation involved the same cause of action, was a final judgment on the merits, and involved the same parties. The prior decision did not preclude plaintiff Malm's action, however, because she was not in privity with the plaintiffs in the previous action. *See Chevron USA Inc. v. Sch. Bd. Vermilion Parish*, 294 F.3d 716, 720 (5th Cir. 2002) (holding that district court's order did not bind members of putative class because no class action was certified); *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1013 n.1 (9th Cir. 2000) (holding a summary judgment against an uncertified class only bound the named members, with no res judicata effect on the claims of unnamed members of the purported class). As there was no class certified in the tobacco litigation, the district court's merits-based denial of intervention did not bind the putative class members. Therefore, plaintiff Malm was not barred from bringing her claim to the MSA proceeds.

-5-

Our decision in *Harris*, however, makes it clear that plaintiff Malm does not have a viable cause of action under 42 U.S.C. § 1396k(b). In *Harris*, we considered the identical reimbursement argument and held that Medicaid recipients were not entitled to funds received under the MSA because Congress precluded reimbursement claims in a rider to the Emergency Supplemental Appropriations Act, Pub. L. No. 106-31, 113 Stat. 57, 103-04 (1999), codified at 42 U.S.C. § 1396b(d)(3)(B)(i) and (ii)). There, Congress clarified that the states would not be required to reimburse the federal government out of the tobacco settlement monies, and that the states could use the funds "'for any expenditures determined appropriate by the State.'" 264 F.3d 1294 (quoting § 1396b(d)(3)(B)(ii)). We held that this provision carved out an exception to the general statute requiring states to turn over excess funds to Medicaid recipients after reimbursing their own expenses. 264 F.3d at 1296. Although plaintiffs argue that *Harris* was incorrectly decided, we are bound by the decisions of other Tenth Circuit panels. *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993).

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

John L. Kane
Senior District Judge