**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STEVEN KENT BLOOM,

    Plaintiff - Appellant,

v.

CHARLES E. SIMMONS, Secretary
of Corrections; KANSAS
DEPARTMENT OF CORRECTIONS,

    Defendants - Appellees.

No. 03-3014
(D.C. No. 02-CV-3300-GTV)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

Mr. Bloom, an inmate appearing pro se, appeals from the district court's

dismissal of his civil rights complaint alleging error in the recording of his state

sentence. The district court determined that these defendants were named in a

prior complaint containing the same claims by Mr. Bloom. The prior complaint

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

was dismissed pursuant to 28 U.S.C. § 1915A. The district court held that this action was barred by claim preclusion. Claim preclusion applies where there is (1) a final merits judgment in the prior action, (2) identity of parties or privies in both actions, and (3) identity of causes of action in both suits. See Wilkes v. Wyo. Dep't of Employment Div. of Labor Stds., 314 F.3d 501, 504 (10th Cir. 2002). Applying the transactional approach to what constitutes a cause of action, it is clear that Mr. Bloom's sentencing claim is identical, and other elements of claim preclusion are satisifed in this case. See id. We note that the district court's dismissal of the prior complaint was recently affirmed. See Bloom v. Andrews, No. 02-3366, 2003 WL 21480696, at *2 (10th Cir. June 27, 2003).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge