**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOYCE MONTABON,

　　　　Plaintiff-Appellant,

　v.

CITY AND COUNTY OF DENVER,
and the Treasury Division, an
agency of the City and County of
Denver,

　　　　Defendant-Appellee.

No. 04-1399
(D.C. No. 03-N-809 (BNB))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **EBEL**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Joyce Montabon, proceeding pro se, appeals the district court's order granting defendant's motion for summary judgment and dismissing her case with prejudice on res judicata grounds. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

*Background*

Ms. Montabon alleges that her employer, defendant City and County of Denver, violated her rights under Title VII and the Americans with Disabilities Act (ADA). She also claims that she is entitled to enforce in federal court a consent decree entered in a different case. Before filing the underlying lawsuit in federal court, Ms. Montabon filed a similar lawsuit against the same defendant in a state district court based on the same allegedly discriminatory conduct. The state court dismissed its case with prejudice for failure to prosecute.

The federal district court in this case ruled that Ms. Montabon's claims were barred by the doctrine of res judicata. [1] The district court then denied her request that any dismissal be without prejudice. Although Ms. Montabon now

---

[1]     The term "res judicata" is often used to describe two preclusion concepts: "issue preclusion" and "claim preclusion." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). In this case, the district court used "res judicata" to mean both definitions when it held that the state-court judgment foreclosed relitigation of issues raised in the state-court case ("issue preclusion"), and it also foreclosed litigation of issues that were not raised in the state-court action, but which should have been raised there ("claim preclusion"). *See id.*

challenges the order dismissing her case, she does not argue on appeal that the dismissal should have been without prejudice, so that ruling is not before us.

On appeal, Ms. Montabon asserts (1) defendant engaged in a conspiracy with the Career Service Authority of the City and County of Denver, as well as the Authority's hearing officers, to ensure that all employee complaints were rejected; (2) she established a prima facie case of retaliation; (3) defendant failed reasonably to accommodate her disability under the ADA; (4) the district court erred in accepting a pleading from Ms. Montabon's attorney, even though he surreptitiously had ceased practicing law; (5) the district court erred in applying the doctrine of res judicata because Ms. Montabon had been in too much pain to prosecute her state court action; (6) her attorney decided to file this case in federal court, and she should not be blamed for his error; (7) the district court erred in determining that her case should have been filed in the state court; (8) the doctrine of res judicata does not apply to bar claims that justifiably were not brought in the state court case; and (9) the state court did not have jurisdiction to enforce the consent decree.

*Analysis*

We review de novo the district court's order granting defendant's motion for summary judgment, viewing the evidence in the light most favorable to the non-moving party. *Sandoval v. City of Boulder*, 388 F.3d 1312, 1320 (10th Cir.

-3-

2004). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* "Whether the doctrine of res judicata applies to the case before us is a question of law which we review under the de novo standard." *Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 503 (10th Cir. 2002) (quotation omitted).

Although Ms. Montabon raises a conspiracy theory, she has failed to show that she presented this claim to the district court, and the record indicates that she did not do so, *see* R. doc. 1. "Absent extraordinary circumstances not present here, we do not address arguments raised for the first time on appeal." *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1047 (10th Cir. 2005) (citations omitted).

Contrary to Ms. Montabon's characterization of the district court's order, the district court did not determine that Ms. Montabon's case should have been filed in the state court. Rather, it held that because she had filed her case there, the doctrine of res judicata barred her from bringing a similar case in federal court. Furthermore, Ms. Montabon has not shown that but for her attorney's alleged malfeasance, the outcome would have been different.

The district court ruled that the remainder of Ms. Montabon's claims were barred by the doctrine of res judicata. We have carefully reviewed that ruling, as well as the parties' briefs and the record on appeal. Applying the standards set

out above, we affirm the judgment for substantially the same reasons stated in the district court's order and memorandum of decision dated August 30, 2004.

The judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


David M. Ebel
Circuit Judge