F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

M. L. COCHRAN,

      Plaintiff-Appellant,

v.

RAYTHEON AIRCRAFT
COMPANY,

      Defendant-Appellee.

No. 05-3216
(D.C. No. 04-CV-1172-JTM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff M. L. Cochran, proceeding pro se, appeals the district court's

grant of summary judgment in favor of his former employer, Raytheon Aircraft

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Company, on his claims of race, age, and gender discrimination and retaliation in violation of federal and state employment-discrimination law. After our de novo review of the district court's determination, *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999), we affirm.

Cochran, an African American male, was a long-term Raytheon employee. He filed his first discrimination complaint against Raytheon in 2002, alleging a variety of claims arising from failure to promote, unequal terms and conditions of employment, sex discrimination and harassment, race discrimination and harassment, and retaliation. In February 2003, the district court granted Raytheon's motion for summary judgment on the ground that Cochran had failed to file his lawsuit within ninety days of receiving a right to sue letter from the Equal Employment Opportunity Commission (EEOC). *Cochran v. Raytheon Aircraft Co.*, No. 02-1146-WEB, 2003 WL 1786873 (D. Kan. Feb. 25, 2003) (unpublished) (*Cochran I*). Cochran did not appeal from that decision.

Cochran continued his employment with Raytheon. In May of 2003, he refused his supervisor's request to perform work, marking the third incident of insubordination during a six-month period. Raytheon suspended Cochran for a period of thirty days, imposing three conditions on his return to work. Cochran was required to (1) undergo a psychological evaluation and make it available to

Raytheon, (2) participate in the Employee Assistance Program, and (3) pass a reinstatement urinalysis or alcohol breath test. Cochran did not take any steps to satisfy the conditions and he was discharged on June 23, 2003.

Cochran renewed his pursuit of discrimination, harassment, and retaliation charges against Raytheon. In federal district court, Raytheon filed a summary judgment motion. The court carefully analyzed Cochran's allegations in light of the uncontroverted evidence in the record.

For failure to exhaust administrative remedies, the district court first dismissed Cochran's claims of sex discrimination, sexual harassment, failure to promote, and withholding a sick-leave paycheck. *See MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005) (stating that, in the Tenth Circuit, administrative exhaustion is jurisdictional prerequisite for discrimination claims). Also, most of these claims had been advanced in *Cochran I.* The court therefore determined that they were barred by the doctrine of claim preclusion. *See Wilkes v. Wyoming Dept. of Employment Div. of Labor Standards*, 314 F.3d 501, 504-06 (10th Cir. 2002) (applying claim preclusion where claims arose from the same factual allegations and employment relationship in earlier discrimination case).

Finally, the court concluded that Cochran had not established a prima facie case for his remaining claims. Several of the events underlying his claims did not

rise to the level of an adverse employment action on the part of Raytheon. *See Hillig v. Rumsfeld*, 381 F.3d 1028, 1033 (10th Cir. 2004) (holding that conduct that has no more than a de minimus impact on employee's future job opportunities is not an adverse employment action). Further, Cochran had failed to show (1) that he was performing his duties in a satisfactory manner, *see Salguero v. City of Clovis*, 366 F.3d 1168, 1175 (10th Cir. 2004) (including satisfactory performance as an element of prima facie case of discriminatory termination); (2) that Raytheon discriminated against males, *see Notari v. Denver Water Dep't*, 971 F.2d 585, 590 (10th Cir. 1992) (requiring a reverse discrimination plaintiff to establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority); (3) that a causal connection existed between his complaints and a significant adverse action, *see Miller v. Auto. Club of New Mexico, Inc.*, 420 F.3d 1098, 1119 (10th Cir. 2005) (including a causal connection between protected activity and adverse employment action as element of prima facie case of retaliation); and (4) that he was subjected to pervasive or severe harassment or that he was harassed for discriminatory reasons; *see Sandoval v. City of Boulder*, 388 F.3d 1312, 1327 (10th Cir. 2004) (stating that plaintiff must demonstrate evidence from which a rational jury could find that workplace was permeated with discriminatory

harassment ).  Accordingly, the district court entered summary judgment in favor of Raytheon.

We agree with the thorough analysis conducted by the district court.  For the reasons set forth in the district court's memorandum and order dated May 16, 2005, we AFFIRM.

Entered for the Court


Wade Brorby
Circuit Judge