**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VICKI L. KOCH (Butrick),

      Plaintiff-Appellant,

v.

JOHN E. POTTER, Postmaster
General of United States Postal
Service Agency (USPS),

      Defendant-Appellee.

No. 05-6114
(D.C. No. CIV-04-125-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

In this pro se appeal plaintiff Vicki L. Koch (Butrick) challenges the

district court's order dismissing plaintiff's post-employment retaliation claims for

failure to state a claim, dismissing certain of plaintiff's tort claims for lack of

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

subject matter jurisdiction, and granting defendant summary judgment on all of plaintiff's claims for employment discrimination and retaliation (based on res judicata) and on plaintiff's Federal Tort Claim Act (FTCA) claims that arose more than two years before this lawsuit was filed.[1]  Plaintiff also apparently challenges the district court's order granting defendant's motion to quash deposition subpoenas, its order denying plaintiff's motion for court approval of plaintiff's proposed discovery, and its order dismissing plaintiff's second amended complaint for lack of subject matter jurisdiction.

Our jurisdiction arises under 28 U.S.C. § 1291.  We review de novo both a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), and its dismissal of a complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1).  *Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004).  We conduct a similar de novo review of a district court's grant of summary judgment, applying the same

[1]     In its order, the district court also granted plaintiff limited leave to amend her complaint with respect to certain of her FTCA claims to allege that she filed an administrative claim before filing this lawsuit, and consequently, that the district court possessed subject matter jurisdiction over these FTCA claims. *See Three-M Enters., Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977) ("The United States has consented to be sued for torts in the Federal Tort Claims Act.  But as a prerequisite to suit under the Act . . . the claim [must] first be presented to the appropriate federal agency and be finally denied by the agency. This requirement is *jurisdictional* and cannot be waived." (emphasis added) (citation omitted)).

standard as that court under Fed. R. Civ. P. 56(c). *Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 503 (10th Cir. 2002). And, finally, we review de novo "[w]hether the doctrine of res judicata applies to [a] case." *Id.* "We review discovery-related rulings for an abuse of discretion." *Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 743 (10th Cir. 2005). Because plaintiff is representing herself, we construe her pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The parties are familiar with the underlying facts and procedural history, and we therefore restate neither here. Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we hold that plaintiff has not identified any reversible error in this case. We therefore AFFIRM the challenged decisions for substantially the same reasons stated by the district court in its orders of October 7, 2004 (R. Doc. 27); December 17, 2004 (R. Doc. 50); February 14, 2005 (R. Doc. 60); and March 2, 2005 (R. Doc. 64). Plaintiff's "Motion to File" and "Motion to File Supplemental Authority" are DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge