FILED
United States Court of Appeals
Tenth Circuit

December 20, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JEFFREY C. GARDNER,

Plaintiff-Appellant,

v.

CENTRAL TEXAS COLLEGE,

Defendant-Appellee.

No. 07-2122
(D.C. No. CIV-05-878 DJS/CEG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **ANDERSON**, Circuit Judges.

Contending that his employer, Central Texas College, had illegally withheld taxes from his paycheck in defiance of his directive not to make withholdings, Jeffrey C. Gardner sued. The College moved to dismiss on the ground of res judicata (claim preclusion) because in 2003, Mr. Gardner had sued the College for making withholdings to comply with an Internal Revenue Service

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(IRS) levy. In that case, the United States District Court for the Western District of Texas held that federal law rendered the College immune from liability for complying with an IRS levy. R. Doc. 42, Ex. 3 at 2. The district court in the instant case applied res judicata and granted the College's motion to dismiss. Mr. Gardner appeals.

Our review is de novo. *See MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) ("The application of res judicata is a question of law which we review *de novo*."), *cert. denied*, 547 U.S. 1040 (2006); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002) ("We review de novo the district court's grant of a 12(b)(6) motion to dismiss . . . .") (quotation omitted). "Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in the prior action." *Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 503-04 (10th Cir. 2002) (quotation omitted). "Under Tenth Circuit law, claim preclusion applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits." *MACTEC, Inc.*, 427 F.3d at 831. But even if these three requirements are met, res judicata should not apply if the party did not have a "full and fair opportunity to litigate." *See id.* at 831 & n.6 (noting that the "full and fair opportunity" requirement is more appropriately characterized as an

-2-

exception than as a fourth element of res judicata). Factors one and two are satisfied and are not at issue in this appeal.

As for the third factor, Mr. Gardner argues that the two suits do not involve the same cause of action because his first suit involved the enforcement of an assessed tax liability, while the instant suit challenges the advance payment of a tax not yet assessed. Aplt. Br. at 5-7. This court has adopted the "transactional" approach to determine what constitutes a "cause of action" for res judicata. *Wilkes*, 314 F.3d at 504. Under this approach, a cause of action encompasses "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Id.* (quotation omitted). Importantly, the relationship between Mr. Gardner and the College is an employment relationship. "This court repeatedly has held that all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes." *Id.* (quotation omitted); *see also Yapp v. Excel Corp.*, 186 F.3d 1222, 1228 (10th Cir. 1999); *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992). Both the prior suit and the instant suit arose from the same employment relationship. Further, Mr. Gardner now complains of a course of conduct dating back to 1999, so he could have raised his claims in his 2003 action. *Cf. Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000) (acknowledging "the doctrine of claim preclusion does not necessarily bar plaintiffs from litigating

claims based on conduct that occurred after the initial complaint was filed"). The third factor of the res judicata test is satisfied.

Mr. Gardner also argues that he did not have a "full and fair opportunity" to litigate the prior action because he was working aboard a United States naval ship that was serving in the Iraq war in 2003.[1] "Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1334 (10th Cir. 1988) (quotations and alteration omitted). "Often, the inquiry [into fundamental fairness] will focus on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990).

Mr. Gardner contends that because of his job situation, he "received court documents, out of order, three weeks to five months after their posting," Aplt. Br. at 9, and that he timely presented only one document to the court (his objections to the magistrate judge's recommendations). This situation does not establish that he did not have a "full and fair opportunity" to litigate his claims. Mr. Gardner was able to draft and file his complaint, he was able to preserve his objections to

---

[1] Mr. Gardner is not in military service; rather, he is a civilian who teaches history classes for military service members aboard naval ships.

the magistrate judge's recommendations, and his claim was adjudicated on the merits. He does not discuss how the litigation would have turned out differently had he not been out of the country. Moreover, he had the incentive to litigate the issue he now seeks to pursue, and there is no indication that the litigation was limited by his relationship with the College. Mr. Gardner has failed to establish the "full and fair opportunity" exception to applying res judicata.

Mr. Gardner's motion objecting to the appearance of the College's counsel and his motion to certify two questions to the New Mexico Supreme Court are DENIED. The College's request for sanctions is DENIED without prejudice because it was not made in a separately filed motion as required by Fed. R. App. P. 38. The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge