**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EVERETT HOUCK,

　　　　Plaintiff - Appellant,

v.

HAROLD BALL,

　　　　Defendant - Appellee.

No. 13-6265
(D.C. No. 5:13-CV-01158-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

After examining Appellant's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On August 3, 2012, pro se appellant Everett Houck initiated a 42 U.S.C. § 1983 action against defendants Harold Ball and Judge Dan Owens in Oklahoma

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

state court.  The district court dismissed the suit with prejudice and this court affirmed the dismissal.  *Houck v. Ball*, 491 F. App'x 934 (10th Cir. 2012).  Houck filed a second § 1983 action against Defendant Ball on October 30, 2013.  The district court dismissed Houck's second suit, concluding it was barred by the doctrine of claim preclusion.  *See Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 503-04 (10th Cir. 2002) ("Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." (quotation omitted)).

Houck then filed the instant appeal together with a request to proceed *in forma pauperis*.  A dismissal on res judicata grounds is reviewed de novo. *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005).  Having reviewed the record, Houck's appellate brief, and the applicable law, we discern no reversible error in the dismissal of Houck's instant § 1983 complaint. Accordingly, exercising jurisdiction pursuant to 28 U.S.C. § 1291, the district court's order dismissing Houck's complaint is **affirmed** for substantially the reasons stated by the district court in its Order dated November 5, 2013.  Houck's

motion to proceed *in forma pauperis* is **denied** and he is reminded that he must make immediate payment of the unpaid balance of his appellate filing fee. All other outstanding motions are **denied**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge