FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 29, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DAWUD CANAAN STURRUP
GABRIEL,

    Plaintiff - Appellant,

v.

MELTON TRUCK LINES,

    Defendant - Appellee.

_____

DAWUD CANAAN STURRUP
GABRIEL,

    Plaintiff - Appellant,

v.

MELTON TRUCK LINES,

    Defendant - Appellee.

No. 22-5008
(D.C. No. 4:21-CV-00529-GKF-JFJ)
(N.D. Okla.)

No. 22-5009
(D.C. No. 4:22-CV-00021-GKF-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the party's request for a decision on the brief without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). These cases are therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Plaintiff Dawud C.S. Gabriel, proceeding pro se, appeals the district court's orders dismissing two of his disability-discrimination cases as duplicative of an earlier-filed case against the same defendant that remains pending. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

On November 16, 2021, Mr. Gabriel filed a complaint in the United States District Court for the Northern District of Oklahoma against defendant Melton Truck Lines (Melton). On December 9, 2021, and January 14, 2022, he initiated two more suits against Melton in the same court. In each case Mr. Gabriel asserted one disparate-treatment claim under the Americans with Disabilities Act, claiming that in 2020, Melton, his employer, discriminated against him because of his attention deficit hyperactivity disorder.

The three complaints, each some 200 pages long, are substantially identical except for a few pages where Mr. Gabriel alleges different instances of discriminatory conduct: The original complaint alleges that in May 2020 Melton instructed an employee to misrepresent when Mr. Gabriel could attend new-hire training, thereby delaying the start of his employment; the next complaint alleges that on August 26, 2020, a Melton supervisor made a derogatory statement to try to cause Mr. Gabriel to resign; and the third complaint alleged that in July 2020 Melton failed to reimburse Mr. Gabriel for transportation expenses that he incurred in attending his new-hire training.

On January 19, 2022, the district court issued orders directing Mr. Gabriel to show cause why his later-filed cases should not be dismissed as duplicative. After he filed responses, the district court dismissed the cases, reasoning that "all three complaints assert the same claim—disability discrimination in violation of 42 U.S.C. § 12112(a)—against the same defendant based on the same disability in the course of the same employment relationship." R. (22-5008), Vol. I at 208; R. (22-5009), Vol. I at 329. The dismissals were without prejudice to allow Mr. Gabriel the opportunity to amend the complaint in his first-filed case. Mr. Gabriel appeals both dismissals, arguing that the cases were not duplicative and that the district judge should have recused.

The district court dismissed Mr. Gabriel's later-filed cases by applying the rule against claim-splitting, which "requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011). "[T]he test for claim splitting is . . . whether the first suit, assuming it were final, would preclude the second suit." *Id.* at 1218. We review a district court's dismissal for claim-splitting for abuse of discretion. *See id.* at 1217.

A second suit is precluded by a prior final judgment on the merits if two conditions are satisfied: "identity of parties or privies in the two suits" and "identity of the cause of action in both suits." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (internal quotation marks omitted). Here, there is no dispute that the parties are the same in each suit. And we conclude that the causes of action are identical as well. "Suits involve the same claim (or cause of

3

action) when they arise from the same transaction or involve a common nucleus of operative facts." *Lucky Brand Dungarees, Inc. v. Marcel Fashion Grp., Inc.*, 140 S. Ct. 1589, 1595 (2020) (brackets, citations, and internal quotation marks omitted). We have held that "all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes," *Wilkes v. Wyo. Dep't of Emp. Div. of Lab. Standards*, 314 F.3d 501, 504 (10th Cir. 2002) (internal quotation marks omitted), at least when all the facts underlying the later-filed suits "were in existence at the time the first suit was filed," *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000). That is the situation here since the three complaints all alleged discriminatory acts arising from Mr. Gabriel's employment relationship with Melton in 2020, before all three complaints were filed. The district court did not abuse its discretion in dismissing the later suits as duplicative.

We also reject the argument that the district judge lacked impartiality and should have recused himself. Mr. Gabriel bases his argument on rulings by the district judge. But "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *United States v. Wells*, 873 F.3d 1241, 1252 (10th Cir. 2017) (internal quotation marks omitted).

The judgments of the district court are **AFFIRMED**. All pending motions are

**DENIED** as moot.

Entered for the Court

Harris L Hartz
Circuit Judge