FILED
United States Court of Appeals
Tenth Circuit

February 8, 2023

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

LINE FINDERS, LLC,
a Wyoming limited liability company,

      Plaintiff - Appellant,

v.

DEVON ENERGY PRODUCTION
COMPANY, L.P., an Oklahoma limited
partnership,

      Defendant - Appellee.

No. 22-8013
(D.C. No. 2:21-CV-00237-ABJ)
(D. Wyo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.

_____

Plaintiff Line Finders, LLC entered into a contract with Defendant Devon

Energy Production Company, L.P. to perform services on oil wells. After two Line

Finders employees were injured in an accident while working on one of Devon

Energy's oil wells, Line Finders filed a declaratory-judgment action against Devon

Energy seeking to invalidate certain portions of the contract as void and

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

unenforceable under Wyoming law. The district court dismissed the claim under the doctrine of res judicata, concluding that the matter had been fully litigated to a final judgment in federal district court in Oklahoma, and Line Finders therefore could not pursue the same claim in another court. Line Finders appeals the district court's conclusion that res judicata applies. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

The following recitation of facts comes from the allegations in Line Finders' complaint, which we accept as true for purposes of reviewing a dismissal under Fed. R. Civ. P. 12(b)(6). *See Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017). Line Finders provides services to companies, such as Devon Energy, in the oil-and-gas industry in Wyoming. Devon Energy and Line Finders entered into a Master Service and Supply Agreement (MSSA) in which Line Finders agreed:

> to defend, indemnify, hold harmless, and release [Devon Energy] from and against all claims, losses, damages, demands, causes of action, suits, judgments, and liabilities of every kind (including all expenses of litigation, court costs, and reasonable attorneys' fees), brought or asserted against [Devon Energy] by any party . . . , directly or indirectly arising out of or related to this Agreement . . . and resulting from any claim of loss, damage, injury, illness, or death . . . regardless . . . of who may be at fault or otherwise responsible under any other contract, or any other statute, rule, or theory of law . . . , and even though the subject loss, damage, injury, illness, or death may have been caused in whole or in part by . . . the sole, concurrent, active, or passive negligence of [Devon Energy] or a third party.

Aplt. App. at 23. The MSSA further stated these obligations apply to "[p]ersonal injury to, bodily injury to, emotional or psychological injury to, property or wage

2

loss, benefits loss, illness, or death of [Line Finders'] employees . . . ." *Id.* The MSSA also contained a forum-selection clause identifying Oklahoma as the exclusive venue for the resolution of any dispute arising from the contract.

In October 2018, Line Finders employees Marcus Murschel and Michael Elsasser were injured while providing services under the MSSA. Mr. Murschel later sent a letter through counsel to Devon Energy demanding compensation for his injuries. Devon Energy denied Mr. Murschel's demand and invoked the provision of the MSSA requiring Line Finders to defend and indemnify Devon Energy. Line Finders refused to do so.

Devon Energy then filed a declaratory-judgment action against Line Finders in the United States District Court for the Western District of Oklahoma, claiming that Line Finders breached the MSSA by failing to defend and indemnify it from the claims asserted by Mr. Murschel.

Eventually Line Finders and Devon Energy engaged in settlement discussions, culminating in an agreement that was memorialized in a written settlement agreement. The agreement stated that if Mr. Murschel or Mr. Elsasser made claims against Devon Energy, the parties would jointly submit a claim to Arch Insurance Company to defend and indemnify Devon Energy, and that if Arch did not agree to do so, then Line Finders would do so under the MSSA. Before Line Finders signed the settlement agreement, however, Mr. Elsasser submitted a demand to Devon Energy. Claiming that Mr. Elsasser's demand changed the circumstances, Line Finders declined to sign the settlement agreement.

3

Devon Energy moved to enforce the settlement agreement, and the district court granted the motion.  The court then entered a judgment, the substance of which the parties had agreed to as part of the settlement agreement.  The judgment noted Line Finders' indemnity and defense obligations under the MSSA and concluded that in accordance with those provisions, Line Finders was obligated to defend Devon Energy against the claims in Mr. Murschel's demand letter. Line Finders appealed, arguing among other things that the district court erred in enforcing the settlement agreement.  We affirmed in an unpublished opinion.  *See Devon Energy Prod. Co. v. Line Finders, LLC*, Nos. 21-6119 & 21-6162, 2022 WL 4232404 (10th Cir. Sept. 14, 2022).

While its appeal from the Western District of Oklahoma was still pending in this court, Line Finders filed a declaratory-judgment action in Wyoming state court, claiming the defense and indemnity provisions of the MSSA violated Wyoming public policy.  Devon Energy removed the case to the United States District Court for the District of Wyoming, then moved to dismiss on several grounds, including res judicata. The district court granted the motion to dismiss on the ground of res judicata, concluding that the matter of Line Finders' defense and indemnity obligations had been fully litigated to a final judgment in Oklahoma federal district court, and Line Finders was therefore precluded from pursuing the same claim in another court.

4

## II. Discussion

Line Finders argues the district court erred in dismissing its complaint based on res judicata.  "A district court's conclusions as to res judicata are conclusions of law and reviewable de novo."  *Clark v. Haas Grp., Inc.*, 953 F.2d 1235, 1237 (10th Cir. 1992) (italics omitted). The parties do not disagree on the fundamentals of res judicata. "Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in the prior action."  *Wilkes v. Wyo. Dep't of Emp. Div. of Lab. Standards*, 314 F.3d 501, 503-04 (10th Cir. 2002).  Three elements must exist for the doctrine of res judicata to apply:  "(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits."  *Id.* at 504 (brackets & internal quotation marks omitted).  Even if all the elements are satisfied, the doctrine does not apply if the party opposing its application "did not have a full and fair opportunity to litigate the claim in the prior action."  *Johnson v. Spencer*, 950 F.3d 680, 693 (10th Cir. 2020) (internal quotation marks omitted).

Line Finders argues that (1) it did not have a full and fair opportunity to litigate the issues, and (2) there was no identity of claims because the Oklahoma case did not address the issue of indemnification or the demand by Mr. Elsasser.  We reject both arguments.

The first argument is based on the observation that the Oklahoma district court's judgment makes no mention of Mr. Elsasser and only addresses Line Finders'

duty to defend, not its duty to indemnify. But this argument artificially confines the preclusion analysis to the judgment, ignoring the settlement agreement on which it is based. "Under federal law, settlements have claim-preclusive effect between parties to the settlement." *Denver Homeless Out Loud v. Denver*, 32 F.4th 1259, 1271 (10th Cir. 2022) (brackets and internal quotation marks omitted); *see also Hoxworth v. Blinder*, 74 F.3d 205, 208 (10th Cir. 1996) ("Generally, court-approved settlements receive the same *res judicata* effect as litigated judgments."). A settlement agreement "can supplant traditional preclusion principles if it is clear that the parties intended preclusion as part of their agreement." *Denver Homeless*, 32 F.4th at 1271 (internal quotation marks omitted).

The settlement agreement states in pertinent part:

> In the event Marcus Murschel or Michael El[s]asser takes any action to advance his claim against Devon, the Parties will jointly submit a claim to Arch Insurance Company to defend, indemnify, and hold harmless Devon against such claim. If Arch Insurance Company does not promptly and unequivocally assume the defense and agree to indemnify Devon within an agreed period of time, then [Line Finders] promptly will defend and indemnify Devon with defense counsel of Devon's choosing in accordance with the MSSA and the Judgment. [Line Finders] will not seek to negate or avoid its defense or indemnity obligations to Devon under the MSSA and the terms and conditions of this Agreement by asserting defenses including but not limited to public policy, the workers' compensation laws of Wyoming and rules of the Wyoming Workers' Compensation Division, and Wyoming Statutes Annotated section 30-1-131 et seq.

Compromise & Settlement Agreement, No. 5:20-cv-00636-F, ECF No. 41-1, at 2.[1] This language plainly prevents either party from relitigating any disputes regarding Line Finders' defense and indemnity obligations arising from demands made by either Mr. Murschel or Mr. Elsasser. We therefore reject Line Finders' argument that it did not have a full and fair opportunity to litigate the issues. Line Finders cannot knowingly enter into a settlement ending litigation over its obligations under the MSSA only to later claim it did not have an opportunity to litigate the scope of those obligations.

Our conclusion is buttressed by our recent decision in *Denver Homeless*, 32 F.4th 1259. There, Denver officials had authorized sweeps of homeless encampments, which gave rise to a class action that was resolved in a settlement agreement. *See id.* at 1264. The agreement provided that anyone in Denver whose belongings may in the future be taken without due process as the result of such sweeps forever released the City from any liability related to the class action or to the City's custom of sweeping homeless encampments. *See id.* It further provided that the plaintiffs in the class action "shall not, under any circumstances, seek to present further claims on behalf of themselves or others" against the defendants. *Id.* (emphasis and internal quotation marks omitted). The district court then entered a final judgment dismissing the class action as settled. *See id.*

---

[1] Although this document was not included in the appendix, we take judicial notice of it because it is a publicly filed document in our court "concerning matters that bear directly upon the disposition of the case at hand," *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

Later, Denver Homeless Out Loud and several individual plaintiffs filed a new lawsuit against Denver to enforce the settlement and to assert new civil-rights claims based on sweeps conducted after the settlement agreement was executed. *See id.* at 1267. We held that the "plain text of the . . . settlement agreement makes clear the parties intended it to have preclusive effect." *Id.* at 1271. Accordingly, the plaintiffs' new constitutional claims were barred by res judicata. *See id.* at 1277.

As in *Denver Homeless*, the Wyoming district court did not limit its analysis to the judgment entered in the Oklahoma lawsuit. Instead, it examined the underlying settlement agreement and concluded that the parties clearly intended it to have preclusive effect concerning Line Finders' defense and indemnity obligations arising from claims by Mr. Murschel and Mr. Elsasser. The district court committed no error in doing so.

Line Finders' second argument is a variation of the first. It argues there is no identity of claims because Mr. Elsasser's demand was not part of Devon Energy's Oklahoma lawsuit and was not mentioned in the judgment. But "contractual provisions can supplant traditional preclusion principles if it is clear that the parties intended preclusion as part of their agreement." *Denver Homeless*, 32 F.4th at 1271 (internal quotation marks omitted). And as we noted in rejecting Line Finders' prior appeal, the settlement agreement "expressly recognized the possibility that Mr. Elsasser *could* make a demand, and the agreement set forth the parties' obligations if he did." *Devon Energy Prod. Co.*, 2022 WL 4232404, at *3. The settlement

8

agreement clearly intended to bar Line Finders from litigating its defense and indemnity obligations arising from future demands by Mr. Elsasser.[2]

### III.  Conclusion

We affirm the judgment of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[2] Devon Energy identified two other grounds for affirming: the "first to file" rule and the mandatory forum-selection clause in the MSSA.  We need not address those arguments in light of the foregoing analysis.