**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

ELLIE E. SHUBARGO,

      Plaintiff-Appellant,

  v.

No. 07-7005

MICHAEL J. ASTRUE,[*]
Commissioner, Social Security
Administration,

      Defendant-Appellee.

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D.C. No. CIV-04-08-KEW)**

_____

Submitted on the briefs:[**]

Richmond J. Brownson, Timothy M. White, Tulsa, Oklahoma, for
Plaintiff-Appellant.

Sheldon J. Sperling, United States Attorney, Cheryl R. Triplett, Assistant United
States Attorney, Tina M. Waddell, Regional Chief Counsel, Mary F. Lin, Special
Assistant United States Attorney, Office of the General Counsel, Region VI,
Social Security Administration, Dallas, Texas, for Defendant-Appellee.

_____

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for
Linda S. McMahon as appellee in this appeal.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Before **HENRY** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

**BRORBY**, Senior Circuit Judge.

Ellie E. Shubargo is appealing the order entered by the district court denying her application for an award of attorney fees under the Equal Access to Justice Act (EAJA). *See* 28 U.S.C. § 2412(d)(1)(A) (providing for an award of attorney fees "to a prevailing party other than the United States . . . unless the court finds that the position of the United States was substantially justified"). The district court denied Ms. Shubargo's EAJA application based on its finding that the application was untimely. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand for further proceedings.

In this social security case, following the Commissioner's denial of her application for disability benefits and the district court's entry of an order affirming the denial, Ms. Shubargo filed an appeal in this court. On December 13, 2005, another panel of this court entered an order and judgment reversing the judgment of the district court and directing the court to remand this case to the Commissioner. *See Shubargo v. Barnhart*, 161 F. App'x 748 (10th Cir. 2005).

In accordance with this court's mandate, on April 27, 2006, the district court entered an order and a separate judgment reversing the Commissioner's

denial of Ms. Shubargo's application for disability benefits and remanding this case to the Commissioner pursuant to the fourth sentence in 42 U.S.C. § 405(g). *See* Aplt. App. at 83-84. Subsequently, on July 10, 2006, Ms. Shubargo filed her EAJA application in the district court. *Id.* at 85-96. On November 15, 2006, the district court entered an order and opinion denying the application as untimely, reasoning as follows:

> EAJA provides, in relevant part, that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . ." 28 U.S.C. § 2412(d)(1)(B). . . .
>
> . . . A "final judgment in the action" is "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." Goatcher v. Chater, 57 F.3d 980, 981 (10th Cir. 1995) citing Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). The judgment is made effective when it has been entered on a separate document in compliance with Fed. R. Civ. P. 58. *Id.* citing Shalala v. Schaefer, 509 U.S. 292, 302-303 (1993). "The 30-day EAJA clock begins to run after the time to appeal that [effective] 'final judgment' has expired." Id. quoting Melkonyan, 501 U.S. at 96. In the event of a decision on appeal from a circuit court, the thirty day limitations period commences upon the expiration of the ninety day period to petition the United States Supreme Court for certiorari. Singleton v. Apfel, 231 F.3d 853, 855 n.4 (11th Cir. 2000); FEC v. Political Contributions Data, Inc., 995 F.2d 383, 385-86 (2d Cir. 1993).
>
> In this case, the Tenth Circuit Court of Appeals issued its Order and Judgment remanding this case to Defendant for further proceedings on December 13, 2005. The non-prevailing party was required to seek certiorari by March 13, 2006. Since no petition for certiorari was filed, Plaintiff, as the prevailing party, was required to file the subject application seeking EAJA fees by April 12, 2006. Plaintiff did not file her application until July [10], 2006, nearly ninety days after the expiration of the time by which to file it. . . . Plaintiff's request is untimely and must be denied. Given this

-3-

determination, this Court need not address the remaining arguments concerning the merits of the fee request.

Aplt. App. at 227-28 (first ellipsis in original; all other ellipses added; alteration added to third paragraph).

As the Commissioner has conceded in his appellate brief, the district court's "denial of [Ms.] Shubargo's EAJA motion as untimely is inconsistent with a prior decision of this Court." Aplee. Br. at 4. This court has previously held that, in social security cases such as this one where this court remands the case to the district court for a sentence-four remand to the Commissioner under 42 U.S.C. § 405(g), it is the district court's remand order, and not this court's decision, that confers prevailing party status on the plaintiff and triggers the time to appeal and the plaintiff's time to file an EAJA fee application. *See Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir. 1995).[1]

Consequently, the thirty-day time limit under EAJA did not begin to run in this case until June 26, 2006, as that is the day when the sixty-day period for the

---

[1]   In his brief, the Commissioner argues that "should this Court follow its prior decision [in *Goatcher*], a finding that Shubargo's EAJA motion is timely is proper and the Court should remand the case to the district court for consideration of the Commissioner's arguments that the Commissioner was substantially justified and that Shubargo's EAJA request is excessive." Aplee. Br. at 4. To the extent the Commissioner is suggesting that this panel has the option of not following this court's prior decision in *Goatcher*, we remind the Commissioner that "[w]e cannot overrule the judgment of another panel of this court. We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993).

parties to appeal the district court's April 27, 2006, remand order and judgment expired. *Id.*; *see also* 28 U.S.C. § 2412(d)(2)(G) (providing that, for purposes of EAJA, the term "'final judgment' means a judgment that is final and not appealable"); Fed. R. App. P. 4(a)(1)(B) (providing that a judgment remains appealable for sixty days when the United States or its officer or agency is a party); *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (stating that EAJA's thirty-day time limit begins to run at the end of the sixty-day period for filing an appeal in a social security case). Because Ms. Shubargo subsequently filed her EAJA application within thirty days of June 26, 2006, the application was timely (as the Commissioner has conceded in his appellate brief; *see* Aplee. Br. at 4, 7, 9-10), and we must therefore reverse the district court and remand this matter for further proceedings concerning Ms. Shubargo's EAJA fee application.

Although Ms. Shubargo has requested that we simply award her "an outright award of a reasonable attorney fee in the amount of $13,546.30 for 87.80 hours of work performed before the courts," Aplt. Reply Br. at 5, arguing that this court "has the required expertise and the necessary information to make the award," *id.*, we decline to do so. The Commissioner has argued that the denial of Ms. Shubargo's application for disability benefits was substantially justified and that Ms. Shubargo's EAJA fee request is excessive, *see* Aplt. App. at 100-105, and those questions should be addressed and resolved by the district court in the first instance on remand.

The order and opinion entered by the district court on November 15, 2006, is REVERSED and this matter is REMANDED to the district court for further proceedings consistent with this opinion.