**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WINFRED VELTMAN,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 07-4075
(D.C. No. 2:04-CV-993-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **HOLLOWAY**, and **SEYMOUR**, Circuit Judges.

"The Equal Access to Justice Act [EAJA] provides for the award of fees and expenses to the prevailing party in a civil action against the Federal Government, unless the position of the United States was substantially justified." *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 520 (10th Cir. 1993) (quotations omitted).

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In this social security disability case, the district court denied the plaintiff's request for an EAJA fee, finding that the Commissioner of Social Security (Commissioner) had demonstrated that his position was substantially justified. Because this finding did not represent an abuse of discretion, we affirm.

**FACTS**

The plaintiff, Winfred Veltman, filed applications for social security disability benefits and Supplemental Security Income benefits in February 2002, alleging that he became disabled in 2001 due to depression, anxiety, and back and neck problems. The agency denied his applications initially and on reconsideration. Mr. Veltman obtained a hearing before an administrative law judge (ALJ), who upheld the denial of his applications. He then appealed administratively to the Appeals Council. The Appeals Council denied review of the ALJ's decision.

Mr. Veltman thereafter sought review of the ALJ's decision in federal district court. He asserted that the Commissioner had erred in two respects. First, he claimed, the ALJ failed to properly consider the opinions of the vocational expert (VE) hired to testify at his hearing. The district court rejected this argument, finding that the ALJ's analysis of the VE's opinion was adequate. Second, Mr. Veltman argued that the ALJ failed to conduct a proper analysis of the opinions of his treating psychiatrist, Dr. Hallett. The district court determined that "[l]acking a discussion or findings concerning Dr. Hallett's opinions," it "had

no way of assessing whether the ALJ applied the correct legal standards with respect to the appropriate weight to be assigned to Dr. Hallett's opinion as a treating physician." Aplt. App., Vol. II, at 405. It therefore remanded the case to the ALJ to consider and make further findings concerning Dr. Hallett's opinions.

Mr. Veltman's counsel thereafter petitioned the district court for an award of EAJA fees. The district court denied his petition, concluding that the Commissioner had demonstrated that his position was substantially justified.

## ANALYSIS

An agency position is substantially justified for purposes of the EAJA if it is "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quotation omitted). In other words, the government's position must have had a reasonable basis both in law and fact. *See id.* We review the district court's determination that the government's position was substantially justified for an abuse of discretion. *Id.* at 559; *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings," *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998), or when the district court's decision is "arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment," *Moothart v. Bell*, 21 F.3d 1499, 1504-05 (10th Cir. 1994) (quotations omitted).

The district court gave three reasons for its finding that the Commissioner had demonstrated that his position was substantially justified. Although two of these reasons are inadequate to justify the denial of an EAJA fee, the third stands as an independent basis for the district court's decision, and does not represent an abuse of discretion. We will therefore affirm the denial of an EAJA fee.

The district court first found that "viewing the action as a whole, the Commissioner's position was reasonable as this Court found in her favor [on] one of the two issues before it." Aplt. App., Vol. I, at 8. The issue on which the Commissioner prevailed, however, was neither related to the issue that resulted in a remand, nor did it provide a separate basis for affirming the denial of benefits. As we recently explained, the district court cannot use the Commissioner's success on such an unrelated issue as a basis for denying the claimant an EAJA fee. *Hackett v. Barnhart*, 475 F.3d 1166, 1173 n.1 (10th Cir. 2007).

The district court next stated that an EAJA fee was inappropriate because "the Court merely remanded Plaintiff's action for the ALJ to further elaborate on a deficiency in the record which precluded proper review by this Court, as opposed to finding that Plaintiff was entitled to disability benefits." Aplt. App., Vol. I, at 8. The parties do not dispute that the district court's remand was a "sentence four remand" for further consideration by the ALJ.[1] Nothing in our

---

[1] "Sentence four" remands are authorized under the fourth sentence of

(continued...)

-4-

cases indicates that a claimant's success in obtaining only a sentence four remand for further proceedings, as opposed to an award of benefits, provides an adequate reason for concluding that the Commissioner's position was substantially justified. Rather, we have frequently indicated that an EAJA fee award may be appropriate in a sentence four remand case. *See, e.g., Shubargo v. Astrue*, 498 F.3d 1086, 1088 (10th Cir. 2007) (remanding for determination of whether Commissioner's position was substantially justified); *Hackett*, 475 F.3d at 1175-76 (reversing denial of EAJA fee and remanding for proper calculation).[2]

This brings us to the district court's third and final reason for denying an EAJA fee: "the Court is convinced by the Commissioner's arguments that the ALJ considered, at least to some degree, the opinion of Dr. Hallet[t]." Aplt. App., Vol. I, at 8. Mr. Veltman argues that the district court improperly relied on this reason because (1) it is inconsistent with the language of the remand order, which notes the ALJ's failure to give more than scant mention to Dr. Hallett's opinions; (2) "an ALJ's failure to properly consider a treating source opinion is error,"

---

[1](...continued)
42 U.S.C. § 405(g), which reads as follows: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

[2]     The converse might perhaps be a cognizable factor, however. If the district court had specifically remanded for an award of benefits, that might provide an indication that the Commissioner's position in opposing such benefits was not substantially justified.

Aplt. Opening Br. at 18; and (3) "it cannot be reasonable for an ALJ to not properly address a treating source statement," *id.* at 20.

These arguments do not demonstrate that the district court abused its discretion in finding the agency's position substantially justified. The mere fact that there was error in the ALJ's decision does not make the agency's position unreasonable. An agency's position can be justified even though it is not correct. *Hackett*, 475 F.3d at 1172. As the district court noted in its order denying the EAJA fee, the ALJ did discuss Dr. Hallett's opinions to some extent. Moreover, the ALJ appears to have given considerable weight to the evidence in the record concerning Mr. Veltman's mental impairments, including Dr. Hallett's opinions.

There was serious question in this case concerning the value of Dr. Hallett's opinions to the benefits adjudication process. Dr. Hallett did not discuss the specific occupational limitations posed by Mr. Veltman's alleged mental impairments. *See* Aplt. App., Vol. I, at 124, 174. Mr. Veltman's counsel acknowledged as much at oral argument before the district court. *Id.*, Vol. II, at 383. At one point, the agency apparently sent Dr. Hallett a report to complete, but he chose to respond in narrative form instead. *See id.*, Vol. I, at 124.

More well-defined opinions in the record came from the agency consultants, who basically imposed no restrictions on Mr. Veltman's functioning due to mental impairments. *Id.* at 150-63; 168-73. The ALJ did not accept these agency assessments uncritically. In fact, her assessment of Mr. Veltman's mental

residual functional capacity is more consistent with Dr. Hallett's descriptive narrative than with the consultants' specific recommendations. Thus, the ALJ ultimately restricted Mr. Veltman from

> work at more than a low stress level, which means:
>
> essentially no working with the general public, minimal supervision and minimal interaction with supervisors and co-workers, minimal work setting changes;
>
> work at more than a low concentration level, which precludes such tasks as mental computation, sustained spontaneous speaking or sustained reading and writing, but still having average alertness and attentiveness; and,
>
> work at more than a low memory level, which means the ability to understand, remember and carry out simple instructions, the option to use memory aids, and with only minimal changes in the work instructions from week to week.

*Id.* at 32 (quote reformatted).

In sum, although the analysis required by the treating physician rule was not completed, its essential purpose, to require the ALJ to give careful consideration to the opinions of a claimant's treating physician, appears to have been served. While a remand was necessary to permit the ALJ to conduct the proper analysis of Dr. Hallett's opinions, and to make appropriate findings, we cannot say on this record that the district court abused its discretion in finding

-7-

that the agency's position, taken as a whole, had a reasonable basis in law and fact. The judgment of the district court is therefore AFFIRMED.

Entered for the Court

Jerome A. Holmes
Circuit Judge