**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CARLUS L. HAYNES,

        Plaintiff-Appellant,

v.

STATE OF KANSAS; PHILL KLINE,
in his individual capacity; ERIC
RUCKER, in his individual capacity;
PAUL MORRISON, State of Kansas
Attorney General, in his official
capacity; DOUG FARMER, Chief of
Staff, in his official capacity,

        Defendants-Appellees.

No. 06-3233
(D.C. No. 05-CV-1250-JTM)
(D. Kan.)

### ORDER AND JUDGMENT[*]

Before **HOLMES**, **HOLLOWAY**, and **SEYMOUR**, Circuit Judges.

Carlus Haynes appeals the dismissal of his employment-discrimination

action against defendants the State of Kansas, the Kansas Attorney General, and

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Eric Rucker, an employee in the Office of the Kansas Attorney General. The district court concluded that Mr. Haynes's claims were barred by the doctrine of claim preclusion. We affirm.

Mr. Haynes, an African American, was employed as a tobacco-litigation attorney in the Kansas Attorney General's office until his discharge on October 13, 2003. The next month he filed a civil rights lawsuit against the Attorney General, Mr. Rucker, and other employees. He alleged that "during his employment and shortly after termination of his employment," Aplee. App. at 7, defendants violated his constitutional, common law, and statutory privacy rights by unlawfully reviewing, copying, and retaining his personal e-mails and other documents stored on his work computer. The district court granted summary judgment in favor of defendants on all claims.

While his first case was still pending, Mr. Haynes filed the present suit. His complaint asserted several claims arising out of his employment situation and termination: racial discrimination in violation of 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. § 1981, infringement of his equal-protection rights in violation of 42 U.S.C. § 1983, breach of contract, and intentional infliction of emotional distress. The district court granted defendants' motion to dismiss based on the doctrine of claim preclusion. Mr. Haynes filed his notice of appeal one day after expiration of the thirty-day time period allowed in Fed. R. App. P. 4(a)(1)(A).

Later, he filed a motion under Fed. R. App. P. 4(a)(5)(A) to extend the time to file his notice of appeal. The district court granted the motion.

Because we acquire jurisdiction only on the filing of a timely notice of appeal, Mr. Haynes's appeal raises the threshold issue of whether the district court abused its discretion in granting his motion to extend the time to file his notice of appeal. *See Alva v. Teen Help*, 469 F.3d 946, 948 (10th Cir. 2006) (stating a "timely notice of appeal in a civil case is . . . a jurisdictional prerequisite to our review"); *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994) (reviewing district court decision on extension motion for abuse of discretion). A decision on whether a failure to meet a deadline is "excusable is at bottom an equitable one, taking into account all of the circumstances," including: (1) prejudice to the other party, (2) the length of the delay and potential affect on judicial proceedings, (3) the reason for the delay, (4) the merits of the claim, (5) the promptness of the attempted correction, and (5) the presence or absence of a pattern of delay. *Jennings v. Rivers*, 394 F.3d 850, 856-57 (10th Cir. 2005). In this instance, the district court applied the correct standard and did not abuse its discretion in granting Mr. Haynes's motion. We have jurisdiction to evaluate the merits of the appeal.

"We review *de novo* the district court's conclusions of law on the applicability of . . . claim preclusion." *Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1100 (10th Cir. 2007). The doctrine

"precludes the parties . . . from relitigating issues that were or *could have been raised* in the prior action." *Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 503-04 (10th Cir. 2003) (quotation omitted). Its application requires: "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006).

There is no disagreement about the finality of judgment on the merits in Mr. Haynes's initial, privacy-based case or the identity of the parties in both his cases. Thus, the first two elements of claim preclusion are satisfied. For the third element–same cause of action–the Tenth Circuit has "adopted the 'transactional approach' of the Restatement (Second) of Judgments § 24." *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000). "[A] cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." *Id.* (quotation and alteration omitted). In employment cases, "[t]his court repeatedly has held that all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes." *Wilkes,* 314 F.3d at 504 (quotation omitted).

Mr. Haynes acknowledges this precedent, but argues that the panel should overrule the court's previous holdings. We decline to do so. "[W]e cannot overrule the judgment of another panel of this court. We are bound by the

-4-

precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *Shubargo v. Astrue*, 498 F.3d 1086, 1088 n.1 (10th Cir. 2007) (quotation omitted). Moreover, Mr. Haynes's contention that "this Court stands alone in its definition of 'transaction'" is simply wrong. Aplt. Br. at 4. *See, e.g., Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 689-93 (9th Cir.) (cert. denied, 76 USLW 3303 ( U.S. Dec. 10, 2007) (dismissing second suit after conducting transactional analysis); *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338-39 (7th Cir. 1995) (determining that discrimination suit and contract action arose out of common core of operative facts and were identical).

We also reject Mr. Haynes's contentions that his case should be excepted from the general rule. The argument that EEOC filing requirements prevent plaintiffs from raising discrimination claims in an initial suit has failed to persuade the other circuit courts. *See Havercombe v. Dep't of Educ. of the Commonwealth of P.R.,* 250 F.3d 1, 8 (1st Cir. 2001); *Brzostowski*, 49 F.3d at 339. And neither his lack of a "vexatious spirit," Aplt. Br. at 10, nor defendants' alleged awareness of his intention to file a second action has legal significance.

The judgment of the district court is AFFIRMED.  This court's order to show cause, concerning the notice of appeal, is discharged.

Entered for the Court


Stephanie K. Seymour
Circuit Judge