FILED
United States Court of Appeals
Tenth Circuit

August 16, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

YUNG-KAI LU,

     Plaintiff - Appellant,

v.

UNIVERSITY OF UTAH; ROBERT
BALDWIN; MIGUEL CHUAQUI;
MICHAEL G. GOODRICH; LORI
McDONALD; CHARLES PIELE; DONN
SCHAEFER; CHALIMAR L. SWAIN;
CHARLES A. WIGHT,

     Defendants - Appellees.

No. 15-4179
(D.C. No. 2:13-CV-00984-TC)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**, Circuit Judges.
_____

Plaintiff Yung-Kai Lu, a citizen of Taiwan, appeals from the district court's

dismissal of his lawsuit alleging tort and contract claims against the University of

Utah and several of its officials claiming they wrongfully failed to renew his

doctoral-studies scholarship after the expiration of its contractual term.  Exercising

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal of Lu's second amended complaint for substantially the reasons stated by the district court.

## I.  BACKGROUND

Because the district court dismissed Lu's amended complaint under Fed. R. Civ. P. 12(b)(6), we must "accept as true all well-pleaded factual allegations and view these allegations in the light most favorable to [him]." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (ellipsis and internal quotation marks omitted). The district court's order thoroughly and accurately sets forth Lu's allegations; thus, our summary is brief.

The University entered into a written agreement with Lu in May 2010, agreeing to give him a scholarship in return for Lu's agreement to be a teaching assistant (the contract).  The contract specified that scholarships and teaching assistant appointments are limited to "one academic year at a time" and that Lu's appointment was "a nine-month appointment beginning August 16, 2010, and ending May 15, 2011."  R. Vol. I, at 287.  Despite this limitation, Lu alleges that University Assistant Music Director Donn Schaefer verbally promised him that as long as he maintained a 3.00 GPA, the assistantship and scholarship would be renewed for the full three years Lu studied for his doctorate.

In April 2011, Schaefer told Lu the contract wouldn't be renewed because the University lacked sufficient funding.  But according to Lu, defendant Robert Baldwin, the Director of Orchestral Activities and of Graduate Studies, told Lu the contract wouldn't be renewed because defendant Miguel Chuaqui, Interim Director of

2

the School of Music, reported that Lu had been rude. Lu complained to defendants Lori McDonald, Dean of Students, and Charles Wight, Former Dean of the Graduate School. Lu didn't re-enroll for the next academic term and his failure to enroll was reported to immigration officials by McDonald and defendant Chalimar Swain, Director, International Center. As a result Lu's visa wasn't extended, resulting in his deportation to Taiwan. After his deportation, Lu filed an ethics complaint with the University's Internal Audit Department. Defendants Charles Piele and Michael Goodrich, University Audit Managers, investigated the complaint.

Lu's complaint against the University and University officials in their official capacities (collectively, the defendants) alleged they breached the contract and verbal promises. Lu also alleged tort claims for slander and for dereliction of unspecified duties, claiming the defendants made false statements about his job performance, gave inaccurate information to immigration officials, and failed to timely or properly investigate his complaints. His complaint also mentioned the Taiwan Relations Act and the International Covenant on Economic, Social and Cultural Rights. The defendants moved to dismiss under Fed. R. Civ. P. 12(b)(1) and (6), asserting that the court lacked jurisdiction over the claims and that Lu's complaint failed to state any plausible claim as a matter of law.

In granting the defendants' motion, the district court found Lu's tort claims barred under both the Eleventh Amendment[1] and the Utah Governmental Immunity Act (UGIA).[2]  Further, the court concluded Lu failed to allege any plausible breach of contract claims given the contract's unambiguous language as to the term of the contract. Additionally, the court reasoned that Utah's parol evidence rule and statute of frauds barred any verbal promise to extend Lu's appointment for three years. Finally, the district court ruled that Lu lacked any plausible claim under the Alien Tort Claims Act (ATCA), Taiwan Relations Act, the International Covenant on Economic, Social and Cultural Rights or any other international treaty.

## II.  DISCUSSION

We review a Rule 12(b)(6) dismissal de novo.  *Casanova*, 595 F.3d at 1124. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id*. (internal quotation marks omitted).  Because Lu proceeds pro se, we construe his complaint liberally, but pro se parties are "not relieve[d] . . . of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] In relevant part, the Eleventh Amendment to the U.S. Constitution bars actions by "Citizens or Subjects of any Foreign State" in federal court against states, state entities and state employees acting in their official capacities absent a waiver by the state or valid congressional override.  U.S. Const. amend. XI; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

[2] The UGIA provides governmental entities and employees with immunity "from suit for any injury that results from the exercise of a governmental function." Utah Code Ann. § 63G–7–201(1).

4

Lu raises numerous issues on appeal. First, he argues the district court erred in failing to evaluate his claims under the federal Administrative Procedure Act (APA). But we won't consider this argument because Lu never raised an APA claim or issue before the district court. *See Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1143 (10th Cir. 2009) ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").

Next, Lu contends the UGIA is unconstitutional and doesn't apply to claims alleging violations of the Utah Constitution. Within this claim of error, Lu argues the defendants' actions violated the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution, as well as provisions of the Utah Constitution and state criminal code provisions. Again, we won't consider these arguments as they aren't based on any claim asserted in his complaint. Moreover, Lu cites no authority supporting his assertion that the UGIA is unconstitutional.

Lu also challenges the district court's interpretation of the Eleventh Amendment, arguing his suit against the defendants is not a suit against the State of Utah. As the district court explained, however, it is well-settled that the University of Utah is considered an "arm of the state" entitled to Eleventh Amendment immunity, *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 574–75 (10th Cir. 1996), as are its officials acting in their official capacity. *Graham*, 473 U.S. at 169.

Alternatively, Lu contends the individual defendants are not entitled to immunity under the UGIA because their actions were not undertaken in the exercise of a governmental function. We disagree. Lu's allegations relate to actions taken by

5

the individual defendants in the exercise of a governmental function. *See* Utah Code Ann. § 63G–7–102(4)(a)–(b) (broadly defining "[g]overnmental function" as "each activity, undertaking, or operation of a governmental entity" or of "a department, agency, employee, agent, or officer of a governmental entity"). Lu additionally argues the defendants aren't entitled to UGIA immunity because they didn't act in good faith. But the cases Lu relies upon are inapposite as they involve the doctrine of qualified immunity—not the UGIA immunity at issue here.

Next, Lu challenges the dismissal of his breach of contract claims. He argues Utah's parol evidence rule[3] doesn't apply because the contract was an incomplete integrated contract. Contrary to Lu's suggestion, the contract contained a complete, final expression as to the length of Lu's scholarship and teaching assistant appointment. *See Tangren Family Tr. v. Tangren*, 182 P.3d 326, 330 (Utah 2008) (defining an integrated agreement as "a writing . . . constituting a final expression of one or more terms of an agreement" and holding that an agreement reduced to writing is "conclusively presumed" to contain "the whole of the agreement between the parties"). Thus, the district court correctly ruled Utah's parol evidence rule would bar admission of any pre-contract verbal agreement to extend the appointment past May 15, 2011.

---

[3] Utah's parol evidence rule precludes admission of a prior side agreement offered to contradict or vary the terms of an integrated, written agreement. *Young Living Essential Oils, LC v. Marin*, 266 P.3d 814, 818 (Utah 2011).

Citing language in the contract limiting doctoral students to three-year teaching assistant appointments, Lu argues the district court erred in applying the statute of frauds[4] to bar his breach of contract claim. But the language Lu relies on does not bind the parties to renewing the appointment for three years; instead, it simply states the outside limit on such reappointments. Thus, the district court correctly ruled that evidence of a verbal agreement to renew his appointment for two years after the May 2011 termination date would be barred by Utah's statute of frauds.

Further, because the contract unambiguously terminated the appointment on May 15, 2011, and made no representation or promise regarding renewal, we reject Lu's arguments that he is entitled to relief under the principles of good faith and fair dealing or promissory estoppel. *See Young Living*, 266 P.3d at 817 (holding covenant of good faith and fair dealing can't be invoked if it creates "obligations inconsistent with express contractual terms") (internal quotation marks omitted); *Youngblood v. Auto-Owners Ins. Co.*, 158 P.3d 1088, 1095 (Utah 2007) ("When a party knows or should have known reliance [on a statement] would be in error, the party cannot reasonably rely on the misrepresentation as a matter of law.").

Next, Lu challenges the defendants' assertion that his claims are barred by his failure to file a notice of claim as required by the UGIA. The parties dispute whether

---

[4] Utah's statute of frauds provides that "every agreement that by its terms is not to be performed within one year" is "void unless the agreement, or some note or memorandum of the agreement, is in writing, signed by the party to be charged with the agreement." Utah Code Ann. § 25–5–4(1)(a).

Lu filed the claim notice, but the district court didn't resolve the dispute and instead simply assumed for purposes of the motion to dismiss that Lu properly filed his claim notice. Because we agree with the district court that the defendants were entitled to UGIA immunity, we also decline to reach this issue.

Lu additionally contends that the district court should have ruled that UGIA immunity is waived for 42 U.S.C. § 1983 claims. But as the district court correctly noted, Lu's complaint doesn't assert or plausibly allege a § 1983 claim.

Lu also complains that the district court dismissed his complaint because it wasn't well-written. However, the district court didn't cite this as a reason for dismissing Lu's complaint. Moreover, we are satisfied from our review of the record that the district court liberally construed his complaint.

Lu next challenges the district court's conclusion that he can't proceed under the ACTA. But the district court correctly ruled that Lu's slander and so-called "dereliction of duty" tort claims don't qualify as torts committed in violation of international law or any treaty of the United States, including the Taiwan Relations Act, as required to invoke jurisdiction under the ACTA. *See Sosa v. Alvarez–Machain*, 542 U.S. 692, 725 (2004).

Finally, Lu asserts the district court should have considered whether the Utah State attorneys representing the defendants had an ethical conflict of interest. Lu presents no factual or legal basis for this argument, and we find it without merit.

Having found no error in the district court's dismissal of Lu's complaint, we affirm the dismissal for substantially the reasons stated by the district court in its

8

order dated October 7, 2015. Lu's motion for appointment of pro bono counsel is denied.

Entered for the Court

Nancy L. Moritz
Circuit Judge