FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 29, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

YUNG-KAI LU,

    Plaintiff - Appellant,

v.

UNIVERSITY OF UTAH; LORI
MCDONALD; RYAN RANDALL;
CHALIMAR L. SWAIN; DONN
SCHAEFER; MIGUEL CHUAQUI; MIKE
COTTLE; ROBERT BALDWIN;
MICHAEL GOODRICH; CHARLES
PIELE; CHARLES WIGHT,

    Defendants - Appellees.

No. 18-4134
(D.C. No. 2:16-CV-00051-CW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Yung-Kai Lu, a citizen of Taiwan, appeals pro se from a district court order that

dismissed his complaint against the University of Utah and some of its employees for not

renewing his music scholarship and graduate teaching-assistant position. Exercising

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction under 28 U.S.C. § 1291, we affirm for substantially the same reasons identified by the district court.

## BACKGROUND

This is the second time Lu has sued over the non-renewal of his scholarship and teaching-assistant position. He first sued in 2013, alleging that during the 2010-11 school year, when he was a doctoral music student, the University racially discriminated against him, misused state funds, and provided false criminal records to immigration authorities, resulting in his deportation to Taiwan in October 2011. In an amended complaint, he alleged breach of contract, slander, and infliction of emotional distress, and he claimed the violation of various international treaties. Separately, in August 2015, he filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) that claimed national-origin discrimination and retaliation.

Lu was unsuccessful on both fronts. On October 7, 2015, the district court dismissed his complaint with prejudice. The district court explained that (1) the Eleventh Amendment and the Utah Governmental Immunity Act (UGIA) barred his tort claims; (2) he failed to plausibly allege a breach of contract in the non-renewal of his scholarship and teaching-assistant position; and (3) he failed to plausibly allege any international claim. Soon thereafter, on October 30, 2015, the EEOC dismissed his charge of discrimination as untimely and issued a right-to-sue letter.

In November 2015, Lu appealed the district court's dismissal of his case. In early 2016, while his appeal was pending, Lu sued the University and its employees again, this time claiming that the non-renewal of his scholarship and teaching-assistant position

2

violated Title VII. In August 2016, this court affirmed the dismissal of Lu's first lawsuit. *See Lu v. Univ. of Utah*, 660 F. App'x 573 (10th Cir. 2016).

Following this court's affirmance, Lu amended his complaint, advancing five claims for relief: (1) Title VII retaliation; (2) Title VII national-origin discrimination; (3) Title VII racial discrimination; (4) Americans with Disabilities Act (ADA) discrimination; and (5) invasion of privacy. Before Lu served any defendant, a magistrate judge recommended dismissing the complaint based on claim preclusion, given that the new claims arose out of the very same transaction underlying Lu's first lawsuit, and he could have asserted all of his claims in the first lawsuit. Alternatively, the magistrate judge recommended dismissal because Lu's Title VII and ADA claims were time barred and his privacy claim was barred by the Eleventh Amendment and the UGIA. Lu filed objections.

The district judge adopted the dismissal recommendation in full and dismissed Lu's claims with prejudice.

## DISCUSSION

Because the district court allowed Lu to proceed in forma pauperis, his complaint was governed by 28 U.S.C. § 1915, which required the district court to "dismiss [his] case at any time" upon determining that he "fail[ed] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). We review de novo, "look[ing] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (internal quotation marks omitted); *see also C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-

3

64 (8th Cir. 2012) (observing that claim preclusion can provide a basis for dismissing for failure to state a claim if the defense appears on the complaint's face).

Lu identifies no cogent basis on which to reverse the district court's dismissal of his complaint. Indeed, he tenders multiple legal theories having no apparent application to this case, such as verification of EEOC forms, double jeopardy, the statute of frauds, and whether there is a "genuine issue of material fact as to the element of pretext," Aplt. Br. at 39. We "will not consider issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *Armstrong v. Arcanum Grp.*, 897 F.3d 1283, 1291 (10th Cir. 2018) (ellipsis and internal quotation marks omitted). And despite our obligation to liberally construe a pro se litigant's filings, we will not serve as an advocate, constructing arguments and searching the record. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Nevertheless, it is apparent that Lu contests the preclusive effect of the first district court judgment on his employment-discrimination claims, given that he did not receive a right-to-sue letter until after that judgment was entered. Thus, he maintains, he could not have brought those claims in his first lawsuit. We disagree.

Claim preclusion "prevent[s] a party from litigating a legal claim that was *or could have been* the subject of a previously issued final judgment." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (emphasis added, internal quotation marks omitted). The doctrine applies if there was "(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Id.* (internal quotation marks omitted).

4

Although a right-to-sue letter is a condition precedent to pursuing a discrimination suit, it is not jurisdictional, *see* 42 U.S.C. § 2000e-5(f)(1); *Payan v. United Parcel Serv.*, 905 F.3d 1162, 1169 (10th Cir. 2018), and does not affect the rules of claim preclusion, *see Wilkes v. Wyo. Dep't of Emp't*, 314 F.3d 501, 505-06 (10th Cir. 2002), *as amended* (Jan. 14, 2003). Thus, "a plaintiff waiting on a right-to-sue letter as to one of his claims could [among other things] . . . seek a stay in the district court until he receives the right-to-sue letter." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1279 (10th Cir. 2006); *accord Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 315-16 (5th Cir. 2004) (collecting cases). This procedure was available to Lu, as he believed upon initiating his first lawsuit that the defendants had discriminated against him, and he filed a discrimination charge with the EEOC while the first lawsuit was ongoing. His failure to pursue the employment discrimination claims, as well as his privacy claim, in the first lawsuit triggered the preclusive effect of the first judgment. *See Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) (stating that "all claims or legal theories of recovery that arise from the same transaction, event, or occurrence" share the same preclusive identity and "must . . . be presented in one suit or be barred from subsequent litigation"); *Medtronic*, 847 F.3d at 1239 (stating that "a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so" (internal quotation marks omitted)).[1]

---

[1] To the extent Lu seeks to avoid claim preclusion on the basis that defendant Ryan Randall, an assistant dean, was not sued in the first lawsuit, the district court correctly pointed out that Randall is in privity with the other University defendants. *See United States v. Rogers*, 960 F.2d 1501, 1509 (10th Cir. 1992) (observing that

Alternatively, as the district court explained, Lu failed to file his EEOC charge within 300 days of the University's non-renewal of his teaching position, *see* 42 U.S.C. § 2000e-5(e)(1) (prescribing a 300-day window for filing an EEOC charge where "the person aggrieved has initially instituted proceedings with a [s]tate or local agency with authority to grant or seek relief from such [unlawful employment] practice"),[2] and the defendants were immune from suit on his privacy claim, *see Lu*, 660 F. App'x at 577 (discussing the University defendants' tort immunity under the Eleventh Amendment and the UGIA).

## CONCLUSION

We affirm for substantially the same reasons identified by the district court in its August 21, 2018 Memorandum Decision and Order dismissing Lu's complaint.

Entered for the Court

Allison H. Eid
Circuit Judge

---

"officers of the same government" are protected from "relitigation of the same issue between [the plaintiff] and another officer of the government" (internal quotation marks omitted)).

[2] We need not decide whether Lu's EEOC charge encompassed all of the discrimination claims he asserted in the second lawsuit. We only note that "[a] plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter." *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004) (internal quotation marks omitted).